HOW (WHITE v.). See Cases Nos. 17,548 and 17,549.

## Case No. 6,750.

### In re HOWARD et al.

[4 N. B. R. 571 (Quarto, 185).] [1]

District Court, D. Maryland. 1871.

BANKRUPTCY—DIVIDENDS—PROOFS.

1. Where commercial paper is indorsed by a firm in its firm name, and also by the individual name of one or more members of the firm, and the makers of the note become embarrassed and bankruptcy ensues to the indorsers of the note, and the holders accept with permission of court forty per cent. from the makers, they are only entitled to dividends against the indorsers, individually, and as a firm, to an amount equal to their claim after deducting the forty per cent. received from the makers.

[Cited in Lowell v. French, 54 Vt. 199.]

2. In bankruptcy the joint and separate estates are considered as distinct estates. A joint creditor having security on the separate estate may prove against the joint estate without relinquishing his security—may prove his whole claim against both estates and receive a dividend for each, but so as not to receive more than the full amount of his debt from both sources.

[Cited in Emery v. Canal Nat. Bank, Case No. 4,446; Re Tesson, Id. 13,844; Re Thomas, Id. 13,886.]

By R. STOCKETT MATHEWS, Register:

I, the undersigned, having been designated by the court as the register in bankruptcy, before whom the proceedings in the above matter of the bankruptcy of Howard, Cole & Co. are to be had, do hereby certify, that in the due course of such proceedings the following questions pertinent to the same arose, and were stated and agreed to by Chapman, Lyons, Smith & Co., of New York City, and Walter B. Brooks, assignee in the above matter. And the said parties request that the same should be certified to your honor for your opinion thereon.

Baltimore, November 16, 1870.

Howard, Cole & Co., to Chapman, Lyons, Smith & Co.

| | |
|---|---|
| Shipley, Roane & Co. Note due January 6th, 1870 | $4,278 16 |
| Interest to 22d of January, 1870 | 14 61 |
| Shipley, Roane & Co.'s note due 22d of January, 1870 | 4,125 68 |
| | $8,418 45 |
| Forty per cent. settled by Shipley, Roane & Co. | 3,367 38 |
| | $5,051 07 |

—Upon which notes Geo. W. Howard and Howard, Cole & Co. are indorsers.

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reprinted by permission.]

Chapman, Lyons, Smith & Co. proved their claim for the amount of eight thousand four hundred and eighteen dollars and forty-five cents to the separate estates of Geo. W. Howard and Howard, Cole & Co., as indorsers on said notes of Shipley, Roane & Co., Geo. W. Howard being the first indorser. On the 23d May, 1870, W. B. Brooks, assignee, declared a dividend of thirty per cent. on the estate of Howard, Cole & Co., but withheld payment thereof on these notes until Chapman, Lyons, Smith & Co. made a settlement with Shipley, Roane & Co., then in progress, but not consummated until afterwards, and said settlement is deducted from the above account, three thousand three hundred and sixty-seven dollars and thirty-eight cents. On the 13th of October, 1870, the said assignee paid said thirty per cent., amount, one thousand five hundred and fifteen dollars and thirty-two cents, to said Chapman, Lyons, Smith & Co., which is not deducted above. The questions submitted by the assignee for his instruction are:

First. The assignee claims that he has the right to deduct the amount received by Chapman, Lyons, Smith & Co. from Shipley, Roane & Co., and to pay dividends on the balance, five thousand and fifty-five dollars and seven cents, as being the debt due by Howard, Cole & Co. and by Geo. W. Howard as indorsers. Chapman, Lyons, Smith & Co. object to this, and claim that they are entitled to collect dividends from the estate of Howard, Cole & Co. and Geo. W. Howard on the entire debt, eight thousand four hundred and eighteen dollars and forty-five cents, until it is fully paid by said dividend and the amount received as above from Shipley, Roane & Co.

Second. The assignee is prepared to pay a second dividend out of the estate of Howard, Cole & Co., and the first dividend out of the estate of Geo. W. Howard, and the assignee has been advised that it is his duty first to deduct the two dividends paid out of the estate of Howard, Cole & Co., and on the balance remaining to declare a dividend out of the estate of Geo. W. Howard. Chapman, Lyons, Smith & Co. object to this, and claim that they are entitled to full dividends out of the estates from Howard, Cole & Co. and Geo. W. Howard, without crediting any dividend received from the other estate until the whole debt is paid. The register is requested to decide the above questions or issues.

W. B. Brooks,
Assignee of Chapman, Lyons, Smith & Co.

The questions presented by the statement of facts which is submitted for the direction of the court by the agreement of Mr. Brooks, the assignee, and Messrs. Chapman, Lyons & Smith, the proving creditors, are of great importance and replete with difficulty. None similar to these in all respects, have as yet received consideration from either of the courts in which the jurisdiction granted by the bankrupt act [of 1867 (14 Stat. 517)] and its supplements is exerted. Nor does it seem inadvisable to reduce the agreed statement of the parties to a simpler form in order that the salient point to be determined may be clearly eliminated, before an effort is made to apply to them the provisions of the statute, and the provisions bearing upon the sections involved in this examination.

First. The firm of Howard, Cole & Co., composed of Geo. W. Howard, John H. Cole, and Henry F. Schurman, was adjudicated bankrupt on their own petition, and the adjudication also specially embraced each of the individual members of the firm. The assignee appointed by the court upon the election of the creditors, took possession of the assets of the firm, and of the several estates of the individual partners. A first dividend of thirty per cent. upon the debts proved against the assets of the firm has been paid, and the assignee has called a third meeting of creditors, and is prepared to pay a second dividend upon the debts proved against the assets of the firm, and a first dividend upon the debts proved against the separate estate of Mr. Howard, one of the copartners.

Second. George W. Howard was a member of the firm of Howard, Cole & Co., as well as of the firm of Shipley, Roane & Co., but prior to the filing of the petition of the former firm in bankruptcy, he had withdrawn by the consent of his partners therein from the second firm.

Third. The notes of Shipley, Roane & Co. referred to in the statement of the parties. were used for the accommodation of Howard, Cole & Co., and were indorsed by the firm in its partnership name, as well as by Mr. Howard, one of the partners in both firms.

Fourth. Shipley, Roane & Co., or rather the continuing partners, after the withdrawal of Mr. Howard, having been compelled to stop payment through the failure of Howard, Cole & Co., sought to obtain a compromise and settlement of the debts due by them, and succeeded in arranging a composition with their creditors of forty per cent. on the amount of their respective claims, and this arrangement was consummated with the consent of the assignee under a proper order of court. It was also accepted by Chapman, Lyons, Smith & Co., one of the partners to this inquiry.

The questions evolved from these facts may be stated succinctly as follows: First. For what amount may Chapman, Lyons, Smith & Co. prove a claim against the assets of Howard, Cole & Co.? Second. For what amount may they prove a claim against the separate estate of George W. Howard? Third. In computing the dividends to which they may be entitled, shall any deduction be made on account of the settlement made by them with Shipley, Roane & Co.?

If there had been no settlement with Ship-

ley, Roane & Co., the register would be relieved from all doubt as to the fittest mode of marshaling the assets of the joint and several estates, and the proper dividends allowable on claims against both which might be held by one and the same creditor. The questions then could scarcely be treated as questions of first impression. They were elaborately, and, as the register thinks, exhaustively examined by Judge Hall, in Mead v. Bank of Fayetteville [Case No. 9,366]. The conclusions of that able judge were subsequently followed by Judge Blatchford in Re Bigelow [Id. 1,397]. Both these judges hold that "the weight of American authority favor the right of a creditor who has a joint contract as to the firm, and several as to one or more of the partners, to prove against the firm and the individual partner, or partners, and to receive dividends from the joint and individual assets." They follow the rule laid down upon mature consideration by Judge Sprague, in Re Farnum [Id. 4,674]. A contrary rule prevails in England, but it has not satisfied the most eminent judges and jurists of that country, and has been condemned under the act of 1841 [5 Stat. 440], by Judge Story and Judge Cushing. Story, Partn. § 376; 10 Cush. 478. The fortunate creditor holding a two-fold security is, in fact, equally a creditor of the firm, and of the individual member as indorser. He may, outside of bankruptcy, pursue his remedies simultaneously against the drawer of a note, and all indorsers subsequent to its making and prior to his holding. While he can have legally but one full and complete satisfaction of the debt, he is entitled to receive that from any and all sources, nor can he be put to an election as to the person against whom he shall first proceed in extremes, or the property from which he shall first aim to recover his debt in whole or in part. The indorsement is taken as an additional security for the payment of the debt by the principal debtor, and on his default, they stand, drawer and indorser, in pari passu, towards the holder of their dishonored paper. Any other or different view than this, it seems to the register, would do violence to the manifest intention of the law, not less than the plainest inferences to be drawn from some of its express provisions. The assignee of the property and assets of the copartnership is elected exclusively by the votes of the creditors of the partnership, but, when once elected, he becomes, by the specific force of the law, also the assignee of the separate estates of the several partners. And the law directs both the time and the mode of the distribution of the funds in his hands, and the application of any surplus which may remain from either source of assets towards the extinguishment of debts proven against the other estate. Section 19 of the act (March 2, 1867), in its third paragraph, points out that proof of claim may be made against the bankrupt if he shall be bound as "indorser"—and such was Mr. Howard in his individual capacity—although the debt was one incurred by the drawers, Shipley, Roane & Co., for the accommodation of Howard, Cole & Co., the second indorser, and Mr. Howard's was equally an accommodation indorsement. But Chapman, Lyons, Smith & Co. were holders bona fide and for value, and it is not carrying legitimate inferences too far to add that they seem to have relied upon the first indorser, who was reputed to be a man of independent fortune, quite as much as they reposed faith in the solvency of the firm of which he was a member.

One other point remains to be noticed. The holders of the notes offered for proof have made a composition of their claims against the drawers, Shipley, Roane & Co., at the rate of forty per centum of the aggregate amount. This settlement, as the register is informed, was made under an order of court, expressly vesting the assignee of H., C. & Co. with authority to give his official assent to its terms. And it was made without prejudice to, or waiver of, any of the rights, with one exception, which the settling creditors then had, or might have, against the estates, either joint or separate, of the bankrupts. But in accepting such a composition the creditors meant to surrender, and in law did yield their claim, to that extent, against either or both the funds in the hands of the assignees: and Shipley, Roane & Co. became subrogated to the rights of Chapman, Lyons, Smith & Co. against the partnership funds. The latter firm have relinquished their full claim against Shipley, Roane & Co., and have assumed the hazard of their fidelity to the arrangement made with them. Clearly, then, Chapman, Lyons, Smith & Co. are creditors of Howard, Cole & Co. for no more than the sixty per centum of the original debt; to the same extent they ought to be permitted to prove their demands against the first indorser on the notes they hold, who is one of the firm of bankrupts, but not the less a separate person so far as his indorsement is concerned.

The assignee is in charge of the funds derived from all sources, separate or joint; he watches over their distribution, and can easily guard against improper or excessive payments. If the partnership proceeds will be available in the liquidation of partnership debts to the extent of fifty per centum, this amount, added to the amount of the compromise per centage, would leave but ten per cent. of the original amount still due, and the dividend from the separate estate of Mr. Howard may be adequate to its extinguishment, and may even be in excess of the deficiency. But the assignee can guard against any payment from either funds, in excess of the sixty per cent. for which either and both are liable, only to that extent. The creditors may obtain a full payment of the sixty per cent., provided the pro rata div-

idends which they share with the other creditors shall amount in the aggregate to so much. But if the joint funds furnish only forty per cent. of the total claim against it, and the separate estate of Mr. Howard reaches only to ten per cent. of the claims proven against him, then Chapman, Lyons, Smith & Co. would lose ten per cent. of their debt. This calculation is simply used as an illustration of the views of the register in connection with the arrangement of the creditors with Shipley, Roane & Co. And the register respectfully submits his opinion to the consideration of the court.

GILES, District Judge. The register, R. Stockett Mathews, Esq.. to whom the case was referred, has certified into court several questions growing out of the following brief statement of facts. The firm of Chapman, Lyons, Smith & Co. hold two promissory notes, drawn by the firm of Shipley, Roane & Co., one for four thousand two hundred and seventy-eight dollars and sixteen cents, due 6th January, 1870, and the other for four thousand one hundred and twenty-eight dollars and sixty-eight cents, due 22d January, 1870. They were payable to Geo. W. Howard, and by him indorsed, and they were also indorsed by the firm of Howard, Cole & Co., of which firm Geo. W. Howard was a member. Before the said notes reached maturity, Geo. W. Howard and the firm of Howard, Cole & Co. were decreed bankrupts. The firm of Shipley, Roane & Co., being in embarrassed circumstances, offered to compromise with their creditors upon the payment of forty cents on the dollar, and the said firm of Chapman, Lyons, Smith & Co. and other creditors of said bankrupt, asked of this court permission to accept the said proposition without prejudice to their claims against the said bankrupt, which was granted. And the said firm of Chapman, Lyons, Smith & Co. received of Shipley, Roane & Co. forty per cent. on the amount of their said notes.

On these facts three questions are certified to the court; I state them in the order in which they naturally arise.

First. On what amount will the firm of Chapman & Co. be permitted to receive a dividend from the bankrupt estate. Clearly, only on the amount of the said notes, after deducting the forty per cent. received from Shipley, Roane & Co. The second and third questions are really but one in fact, and I shall answer them together. Although by the 36th section of the bankrupt act, where partners in trade shall be adjudged bankrupts, all the joint property of the partnership, and also all the separate estate of each of the parties shall be taken; yet, in the administration in bankruptcy, the joint and separate estates are considered as distinct estates. This is perfectly clear by the rule laid down for their administration in the said section. It has therefore been held that a

joint creditor having a security upon the separate estate, is entitled to prove against the joint estate without giving up his security. He would, therefore, by the same principle, be allowed to prove his whole claim against both estates and receive a dividend from each, but so as not to receive more than the full amount of his debt. In this case, the firm of Chapman & Co. can prove the amount of said notes (with the deduction of the forty per cent.) against both the private estate of Geo. W. Howard, and the partnership assets of Howard, Cole & Co., and receive dividends from both, the assignee taking care that from both the creditor firm does not receive more than full satisfaction of its claim. I concur, therefore, fully in the opinion which the register has sent up in this case.