Mr. Chief Justice Mahshall
 

 delivered the opinion of the Court:—
 

 This was a suit brought in .the Circuit Court.of the United States, for the District of Columbia, on a note made by G, A. Carroll, and endorsed by William Carroll and Robert Brent, the testator of the plaintiffs in error, and made negotiable in the Bank of the Metropolis.
 

 The declaration set out the note, and averred a demand of the same, "at the Bank of the Metropolis,” where the said note was payable.
 

 At the-trial, the plaintiffs belqw proved that'the accommodation given- by. the -bank to said G. A. Carroll, on a note similarly drawn and endorsed with the present; was-given by the bank, -about three years before the date of the note on which this suit was brought; and was given with the knowledge of' the endorsers thereon, and in .consequence óf their solicitation.
 

 For the purpose of showing an agreement between the bank and the maker of the note, that the note to be discounted, and those thereafter to be made for its renewal; should be payable at the Bank of the Metropolis, and there demanded; the bank proved by parol testimony, -that the said G. A. Carroll did no.t reside in the district after the-winter of 1817, in which W. r’arroll lived in Washington, .but resided at Port Tobacco, in Maryland, about twenty miles from the city, which he occasionally visited; that many of the notes, taken for the continuance of the accommodation, were expressed to be payable at the said bank; and that all the notes previous to that on which this suit was brought, wer.e there demanded, which demand was acquiesced in as sufficient, and subsequent notes given in renewal of those so demanded. The .bank also proved that it was its custom; in all cases where the maker was a nonresident, to require an agreement to pay such notes at the bank, and that they never would have agreed to discount the said notes, but bn this condition.
 

 The counsel for the defendants below objected to this testimony, but the Court permitted it To, go to the jury. The counsel for the defendants below then prayed the Court to instruct the jury, that to enable the plaintiffs to sustain their action, it was necessary to prove that a personal demand- had. been made on the maker of -the note. The Court refused to give this instruction; but did instruct the jury that if they'
 
 *92
 
 should be satisfied from' the evidence, that it was agreed by all the parties, wfiose names appear on the notes, that the payment should be demanded at the Bank of the Metropolis, and that it was so demanded, then a personal demand on the maker, was not necessary. An exception was taken to these opinions of the Court, and their correctness is now to be exa- • mined.
 

 The plaintiffs in error contend, that the testimony ought not to have been admitted, because it is an attempt, by parol proof, to vary a written instrument. But this.is not an attempt to vary a written instrument. The place of demand is not expressed on the face of the note, and the necessity of a demand on the person',' when the parties are silent, is an inference of law,- which is drawn only when they aré silent. A pa-rol agreement puts an end to this inference, and dispenses with apersona! demand. The parties consent to a demand, at a stipulated place, instead of a demand on the person of the maker; and this does not alter the instrument, so far as it goes, but supplies extrinsic circumstances, which the parties are. at liberty to supply.
 

 No demand is necessary to sustain a suit against the maker. His undertaking is unconditional, but the endorser undertakes conditionally to pay, if the maker does not; and this imposes on the holder .the necessity of taking the proper steps to obtain payment from the maker. This contract is not written, but is implied. It is, that due diligence to obtain payment from the maker shall be used. When the; parties agree what this due diligence shall be, they do not alter the written contract, but agree upon an extrinsic circumstance, and substitute that agreement for an act which the law prescribes only where they are silent. We think, then, that there was no error, in admitting the parol evidence which was. offered to sustain the action.
 

 ■ If the testimony was admissible, there is no error in the instruction given by the Court. It was, that if the jury believed, from the evidence, that it was agreed by all the parties, that the demand should be made at-the Bank .of the Metropolis, and that it was so made; then a demand of the maker was .not necessary.
 

 This point is, we think, involved in the question respecting the admissibility of parol testimony, to establish the agreement. Had the note purported on its face to be payable at the Bank- of the Metropolis, that express agreement would undoubtedly have dispensed with a personal demand. If that agreement, can be made by parol, (and unless it can, the testimony was inadmissible,) the effect of the parol contract is the same on this point, as if it had been in writing. The only
 
 *93
 
 inquiry therefore is, whether the testimony was sufficient to be submitted to the jury for the purpose of proving' the agreement. We think it was.
 

 The circumstances, that the endorsers were themselves active in procuring the accommodation for the maker of the note; that the accommodation had been continued for years without a de-, mand on the person of the maker; that it was the invariable usage of the bank, when the maker of an accommodation note resided out of the city, to require, as the condition of the loan, a stipulation that a demand at the bank should be sufficient; that this accommodation would not have been continued, after the removal of the maker out of the city, but on this condition ; that the note purports, on its face, to be negotiable at the Bank of the Metropolis; are facts, from which the jury might justifiably infer the agreement of the parties
 
 to
 
 dispense with a demand on the person of the maker.
 

 A verdict having been rendered for the bank, the defendants in the Court below file.d errors in arrest of judgment.
 

 The error alleged, is, that the first-count in the declaration neither charges' a personal demand on the maker of the note, nor excuses the omission to make such demand. The declaration certainly does not charge a demand on'the person of the maker; but this was not necessary, if the parties had agreed that a demand at the. bank should be substituted Tor a demand on the maker;
 

 ■The plaintiffs in error contend, that the. agreement is not alleged in the declaration, and we admit that the omission to make this averment would be fatal. In that event, the plaintiff below would have shown no cause of action. But the declaration avers a demand of the note, “ at the Bank of the Metropolis,” where the said note was payable. The note is set out in the declaration, and does not purport, on its face, to be made' payable at the bank. But the averment in the declaration, that it was payable there, cannot be true', unless there was an agreement of the parties to that effect.. It is an averment which must háve been proved at the trial, or the plaintiff below could not have obtained a verdict and judgment.
 

 After a verdict, it- is, we think, sufficient to sustain the judgment.
 

 There is no error, and the judgment is affirmed, with costs.'