## COX *v.* NATIONAL BANK.

### CLARDY *v.* NATIONAL BANK.

A bill of exchange drawn by A. to the order of B. on "Messrs. C. & D., New York, N. Y.," was accepted by them without qualification or condition. All the parties then and at its maturity resided in Kentucky. The notary public, after making on the day it matured diligent but unsuccessful inquiry in New York City for C. & D., and for their place of residence or business, presented it and demanded payment, during business hours, at the places frequented by them when in that city. Payment not having been made, he protested the bill, and on the next day, learning from those whom he believed to be informed on the subject the residence of A. and B., transmitted to them there by mail, post paid, notices of such protest. *Held*, 1. That the bill was in law payable at that city. 2. That the presentment and demand were sufficient. 3. That the requisite steps to bind A. and B. were taken.

ERROR to the Circuit Court of the United States for the District of Kentucky.

The first of these cases is an action by the National Bank of the State of New York against Merritt Cox, the drawer, J. C. Whitlock, the payee, and W. F. Cox and William Cowan,

the two last doing business as partners under the firm name of Cox & Cowan, the acceptors of the following bill : —

" $5,000.                              Hopkinsville, Ky., Aug. 3, 1875.

" Eighty days after date pay to the order of J. C. Whitlock five thousand dollars, value received, and charge to account, renewing a bill for same amount and names, due Aug. 3, 1875.

                                             " Merritt Cox.

" To Messrs. Cox & Cowan, New York, N. Y."

Written across the face of the bill were the words, " Accepted : Cox & Cowan."

Whitlock indorsed said bill to E. M. Wright & Co., of New York, who in turn indorsed it to the bank.

The petition of the plaintiff alleges the presentation of the bill in the city of New York for payment, the refusal thereof, and protest and notice to the drawer and indorser.

Cox & Cowan made no defence.

Merritt Cox and Whitlock, however, answered, denying notice of protest, the due and proper presentation of the bill, or the demand of payment.

At the trial, the plaintiff, having read the bill and the protest thereof to the jury, offered evidence tending to show that the notary intrusted with said bill made reasonable and diligent inquiry for the acceptors and their place of business in New York City at the place or places frequented by them when there, and could not, after such inquiry, find them or any place of business of them or either of them ; that he then demanded payment on the day of maturity in business hours at the place so frequented by them when in said city, and that payment of said bill was then and there refused ; that they caused inquiry to be made by the said notary in New York on the twenty-fifth or twenty-sixth day of October, 1875, of E. M. Wright, a resident of New York City, and one of the firm of E. M. Wright & Co., who indorsed said bill to the bank, as to the post-office address respectively of said Merritt Cox and J. C. Whitlock ; that said notary was then informed by said Wright that the post-office address of each of said defendants was Hopkinsville, Ky. ; that said notary, on the twenty-sixth day of October, 1875, mailed notices of said protest to each of said

defendants at Hopkinsville, Ky. There was no evidence to show that the bank, or any one for it, at any time made any other inquiries for the post-office address of either or both of said defendants.

Cox and Whitlock introduced evidence tending to show that the bill was drawn by Merritt Cox, accepted by Cox & Cowan, and indorsed by Whitlock, all in Hopkinsville, Ky.; and it was there delivered to G. V. Thompson, to whom the bill, of which the one in suit was a renewal, had been sent by E. M. Wright & Co., who had indorsed the same to the bank as collateral security, and had received it after maturity from the bank (the holder) for the purpose of having it renewed; that Thompson sent the bill in suit to said Wright & Co., who immediately delivered it to the bank, and informed it that the bill had been executed and accepted in Kentucky; that at the time of the execution and acceptance of said bill, and at the time of its maturity, the acceptors thereof, W. F. Cox and William Cowan, composing the firm of Cox & Cowan, each resided in Hopkinsville, Christian County, Ky., and had their place of business there, and not elsewhere; that the bank, when it took said bill, and when it was executed and when it matured, was informed and had knowledge that the residence and place of business of Cox & Cowan were at Hopkinsville, Ky., at all the times aforesaid; that there was no presentment for payment of said bill or demand of payment of the same to or upon said acceptors, or either of them, in person or at their residence or place of business in Kentucky on the day of its maturity, or at any time; that there was no agreement to pay said bill in New York except as shown upon its face; that the post-office address of both Merritt Cox and J. C. Whitlock was then, and at all previous times for fifteen years had been, Newstead, Ky., and never at Hopkinsville, and that at all times when the bill in suit or the previous one existed G. V. Thompson, to whom the bill had been sent, resided in Hopkinsville, Ky., and well knew the post-office address of both Cox & Whitlock to be Newstead, Ky., and not Hopkinsville, that mail facilities between Hopkinsville and New York were ample and daily, and that a letter reached one place from the other in three days; that there was telegraphic communication

between the two places; that E. M. Wright & Co. were factors and commission merchants in New York, and in that capacity did business for Cox & Cowan, and in the course thereof the bill was received; that each of the firm of Cox & Cowan during the course of said business, and up to June, 1875, on different occasions visited New York on business, and while there wrote and received letters at the office of said Wright & Co., and looked after business intrusted with said factors, and did the like with other factors in their employment in said city.

The plaintiff then introduced evidence tending to show that the original bill was sent to G. V. Thompson by said E. M. Wright & Co., who corresponded with said Thompson in their own names, disclosing no sort of agency for the bank; that he procured the renewal of said bill at their instance and by their instruction, and sent it to them when obtained; that he had no communication with the bank, and was never at any time in any respect its agent, and did not inform it or Wright & Co. of the post-office address of Merritt Cox or Whitlock, and was not inquired of as to either, and afterward had no further connection with the bill.

The court instructed the jury that the bills of exchange were in law payable in the city of New York, notwithstanding the plaintiffs may have known, before making acceptance and indorsement thereof, that the acceptors, Cox & Cowan, actually resided at Hopkinsville; that if the jury believed that the notary made reasonable and diligent inquiry for the acceptors at their place of business in New York, at the place or places frequented by them in that city, and could not after such inquiry find them or their place of business, then the demand of payment during business hours on the day of the maturity of the bill at the place so frequented by them in the city of New York was sufficient; that if the bank did not know the post-office address of the drawer, Merritt Cox, and the indorser, J. C. Whitlock, and if the notary made inquiry as to their several post-office addresses of Wright & Co., who had assigned the bills to the plaintiff, and who were the correspondents of the acceptors, and in the judgment of the notary were likely to be informed as to such post-office addresses, and

who professed to know them, and was informed that their post-office address was Hopkinsville, Ky.; and if the notary transmitted notices on the day after the protest by mail, postpaid, to the drawer and indorsers at the post-office address so ascertained by the notary, such notice of protest was good to bind the drawer and indorsers respectively.

The defendants excepted to these several instructions, and also made several requests for instructions, each of which was refused.

There was a verdict and judgment for the plaintiff. The defendants, Merritt Cox and Whitlock, then sued out this writ of error.

In the second case the facts are in substance identical with those in the first case, except that J. D. Clardy was the payee and indorser of the bill.

*Mr. Walter Evans* for the plaintiffs in error.

The fact that the bill of exchange was addressed to Cox & Cowan, New York, N. Y., does not render it at all events payable there, and it was error for the court to so instruct the jury. *Rowe* v. *Young*, 2 B. & B. 276; *Fenton* v. *Goundry*, 13 East, 468; Chitty, Bills, 151; *Lighter* v. *Will*, 2 Watts & S. (Pa.) 140; *Fisher* v. *Evans*, 5 Binn. (Pa.) 541.

The acceptors never had a residence or place of business in New York. On the contrary, they lived and did business in Hopkinsville, Ky., where the bill was executed and delivered. Their residence or place of business was not subsequently changed. These facts were known to the bank when it took the bill, and before its date, and when it matured. Hence, in the exercise of the diligence necessary to bind the drawer and indorser, it was absolutely essential that presentment for payment should have been made in Kentucky at the maturity of the bills. *Taylor* v. *Snyder*, 3 Denio (N. Y.), 145; *Spies* v. *Gilmore*, 1 N. Y. 321; *Bank of Orleans* v. *Whittemore*, 12 Gray (Mass.), 469; 1 Parsons, Bills and Notes, 421–425, 441, 453; *In re Glyn*, 15 Nat. Bank. Reg. 502, 503; *Fisher* v. *Evans*, *supra; Musson* v. *Lake*, 4 How. 274; *Whitesides* v. *Northern Bank*, 10 Bush (Ky.), 502; *Barnes* v. *Vaughan*, 6 R. I. 259; Story, Bills, last clause, sect. 325.

While a protest was unnecessary, demand of payment and

notice were quite as essential as in case of a foreign bill. *Hager* v. *Boswell*, 4 J. J. Marsh. (Ky.) 62.

The address of the drawee on a bill of exchange is nothing more than an intimation of where he is, or of where he resides or does business. It is perhaps *prima facie* his residence. *Rowe* v. *Young, supra; Fenton* v. *Goundry*, 13 East, 468 ; Chitty, Bills, 151 ; *Lowry* v. *Scott*, 24 Wend. (N. Y.) 358.

*Mr. William D. Shipman* and *Mr. W. W. Macfarland, contra.*

The bills were addressed to the drawees at the city of New York, and were accepted generally. They were therefore payable at that city.

No matter in what part of the world the acceptors may, in fact, have dwelt, they, by accepting a bill addressed to them at New York, elected to reside there for the purpose of its presentation and payment. *Smith* v. *Little*, 10 N. H. 526 ; 1 Am. Lead. Cas. (5th ed.), p. 454; Story, Bills, sect. 353 ; Chitty, Bills, 172–175, 322, 323, 397.

The duty of the holder is performed when he has made diligent effort to find the acceptor at the place where he has undertaken to pay the bill.

It follows that the charge on this point was right. Story, Bills, sect. 351 and note; 3 Kent, Com. (12th ed.), p. 96 and notes; 1 Parsons, Notes and Bills, p. 440 and note.

The charge of the court below upon the question of notice to the drawer and the indorsers of the bills was clearly within the rule laid down in *Lambert* v. *Ghiselin*, 9 How. 256. See also *Hunt* v. *Maybee*, 7 N. Y. 266; Story, Bills of Exchange, sects. 299, 308, 351, 387 ; *Carter* v. *Smith*, 9 Cush. (Mass.) 321.

Mr. Justice Clifford delivered the opinion of the court.

Bills of exchange are written orders or requests from one party to another for the payment of money to a third person or his order, on account of the drawer, and, if payable at sight or at a date subsequent to the acceptance by the drawee, the instrument must be duly presented for payment, else the parties to the same conditionally liable for the payment of the amount will be discharged. Different rules prevail as to the place where the presentment for payment must be made,

dependent upon the form of the instrument and the place where and the terms in which it was accepted.

Such an instrument must first be accepted; and if when presented for that purpose the drawee refuses to accept the same, it must, if it is a foreign bill, be protested for non-acceptance, the rule being that the place of protest is the place where the same is required to be presented for acceptance, unless it is in terms payable at some other place. Due presentment for payment must also be made, the general rule being that the place of payment is the place where the acceptor resides, or where on the face of the bill it is addressed to him, unless some other place is specifically designated in the instrument. Story, Bills, sects. 48, 282.

Sufficient appears to show that the subject-matter of the present controversy is a bill of exchange drawn by the defendant first named, the address to the drawees being "Messrs. Cox & Cowan, New York, N. Y.," for the sum of $5,000, payable eighty days from date, value received, and the indorsement on the face of the bill is as follows: "Accepted. Cox & Cowan."

That the bill was duly presented for acceptance, and that it was accepted by the drawees in the manner described, is ad mitted; nor is it denied that it was duly indorsed by the payee, nor that the plaintiff bank became the *bona fide* holder of the bill by virtue of the second indorsement exhibited in the record.

Payment of the bill at maturity being refused, the plaintiff bank, as the lawful holder of the same, caused it to be protested, and instituted the present action against the drawer, the acceptors, and the payee as the first indorser, to recover the amount. Process was served, and the drawer and indorser appeared and filed separate answers.

Though the answers are separate, yet the material defences in each are the same, and may be considered together. They are as follows: 1. That the bill was not duly presented to the acceptors for payment. 2. That it was not duly protested for non-payment. 3. That due notice was never given to the drawer of the dishonor of the bill or of the failure of the acceptors to pay the same at maturity.

Amended answers having subsequently been filed by the same parties, they went to trial, and the verdict and judgment were in favor of the plaintiff bank against the drawer, acceptors, and indorser for the amount specified in the transcript. Exceptions were filed by the defendants, and they sued out the present writ of error.

Since the cause was entered here, the defendants have assigned for error the following causes: 1. That the Circuit Court erred in instructing the jury that the bill, being addressed to the drawees, " New York, N. Y.," is in law payable in New York City.   2. That the Circuit Court erred in refusing to instruct the jury that the acceptance of the bill, as shown in the transcript, was a general acceptance, which made the bill payable at no particular place.   3. That the Circuit Court erred in refusing to instruct the jury that, in order to charge the defendants, the officers of the plaintiff bank, if they knew at the maturity of the bill where the residence and place of business of the acceptors were, as stated in the answers, must show that the bill was presented and that payment was demanded at their residence or place of business.   4. That the Circuit Court erred in instructing the jury that if the notary made reasonable and diligent inquiry for the acceptors and their place of business in the city of New York, and could not find either their residence or place of business, and that he then demanded payment during business hours at the place or places frequented by them when in said city, that such a demand was a sufficient presentment to maintain the action.

Evidence was introduced by the defendants tending to show that throughout the transaction they were all residents of the State of Kentucky, and that the bill in question was drawn and indorsed in the State; that it was sent by one Thompson to the firm of Wright & Co., who delivered the same to the plaintiff bank or their officers, who were informed where the bill was executed by the drawer and indorser.   They also introduced testimony showing that the officers of the bank, when they took the bill, knew where the drawer resided when it was forwarded, and afterwards when it was accepted by the drawees.   Explanatory evidence was also given by the plaintiff bank showing that no sort of agency existed between the per-

son by whom the bill was forwarded and the firm by whom it. was delivered and the plaintiff bank, and that the former never had any communication with the bank, and never informed either the bank or the said firm of the post-office address of any one of the defendants.

Commercial rules everywhere require that to fix the liability of the drawer of a bill of exchange or the indorser of a bill or note there must be a legal presentment of the instrument to the acceptor or maker, or payment must be demanded of such a party on the day the instrument becomes payable. That payment must be demanded from the maker of a note and notice of its non-payment forwarded to the indorser in due time, in order to render him liable, is so firmly settled, says Marshall, C. J., that no authority need be cited to support the proposition. *Magruder* v. *Bank*, 3 Pet. 87, 90; *The Juniata Bank* v. *Hale*, 16 Serg. & R. (Pa.) 157.

Nobody doubts the correctness of that rule, and it is equally well settled that when a note or bill is expressed to be payable at a particular place, a demand there is always sufficient to charge the indorser. Story, Bills (4th ed.), sect. 357; Chitty, Bills (13th Am. ed.), 407; *Rowe* v. *Young*, 2 Brod. & B. 165; *Picquet* v. *Curtis*, 1 Sumn. 478.

Text-writers of undoubted authority state that an acceptance is an engagement to pay the bill according to the tenor of the acceptance, and that a general acceptance is an engagement to pay according to the tenor of the bill. Bayley, Bills (5th ed.), 154; Chitty, Bills (13th Am. ed.), 342.

Cases arise where the drawer of a bill of exchange designates in the instrument the place of payment, and the decisions are that in such a case both the drawer and the indorser will be discharged unless the bill be there presented for payment at maturity; but the same decisions hold otherwise as to the maker of a note and the acceptor of a bill, the rule being that, unless the restrictive words " only and not elsewhere " are added, no presentment there at maturity or afterwards is necessary to charge such a party. *Foden & Slater* v. *Sharp*, 4 Johns. (N. Y.) 183; *Wolcott* v. *Van Santvoord*, 17 id. 248.

Where no place of payment is expressed in a bill or note, the general rule, in the absence of any agreement or circum-

stances fixing or indicating a different intention, is that the place of presentment is the place where the acceptor or maker resides, or at their usual place of business. Circumstances, however, may control the usual inference arising from the want of any such expression in the instrument which may warrant a very different conclusion. Thus, if a bill were drawn upon a merchant when abroad, and should be addressed to him at Paris or at London, the place of payment would be the place where the drawer accepted the instrument, whether Paris or London, and not the place of his residence when the bill was drawn or at its maturity. 1 Daniel, Negotiable Securities (2d ed.), sect. 90.

Provided no place is designated or agreed or indicated in the form of the address or the terms of the acceptance, the rule then is that the presentment for payment must be made at the home or domicile of the acceptor or maker, or at their usual place of business during business hours. Id., sect. 635.

Parol testimony to show such an agreement is admissible, it being settled law that the introduction of such testimony is not inconsistent with the rule that a written instrument cannot be varied by parol evidence. *Brent's Exrs.* v. *The Bank of the Metropolis*, 1 Pet. 89, 92.

Unlike the indorser, the maker of a promissory note is liable without any demand of payment. His undertaking is unconditional, but the indorser only undertakes to pay if the maker does not, which makes it necessary for the holder to take proper steps to obtain payment from the maker, from which it follows that his contract is that due diligence shall be used to that end; and when the parties agree what shall constitute due diligence in the particular case, says Marshall, C. J., they do not alter the written contract, but agree upon an extrinsic circumstance, and substitute that agreement for an act which the law prescribes as such when they are silent.

Acceptors of a bill of exchange stand in the same relation to the drawee of the bill as the maker of a note does to the payee, the acceptor being the principal debtor in a bill precisely as the maker is of a promissory note, the rule being that the liability of the acceptor is governed by the terms of his acceptance, just as the liability of the maker of a note is defined and governed

by the terms of a note ; nor can the place of payment be of any more importance in the one case than in the other.

When a note or bill is made payable at a particular bank, as is frequently the case, it is well known that, according to the usual course of business, the note or bill is usually lodged in the bank for collection ; and if the maker or acceptor calls to take it up when it falls due, and it is delivered to him, and he pays the amount, the business is closed; but if he does not find the note or bill at the bank, he can deposit the money to meet the same when it shall be presented, and the proof of such tender and deposit, in case of a subsequent suit, will exonerate him from all costs and damages. Or should the note or bill be made payable at some other place than a bank, and no deposit should be made, or he should choose to retain the money in his own possession, an offer to pay at the time and place would protect him against interest and costs on bringing the money into court.

Rules of a different character have sometimes prevailed in other jurisdictions, but the principles to be applied in such a case are settled in this court, nor is it necessary, where the note or bill is payable at a specified time and place, to aver in the declaration or prove at the trial that a demand was made at that place in order to maintain the action, the established rule being that if the maker or acceptor was at the place at the time designated, and was ready and offered to pay the money, it is matter of defence to be pleaded and proved. *Wallace* v. *McConnell,* 13 Pet. 136, 150 ; 1 Daniel, Negotiable Securities (2d ed.), sect. 643 ; Edwards, Bills (2d ed.), 150 ; *Rowe* v. *Young,* 2 Bli. 391, 395.

Beyond doubt, these principles are applicable, as determined by this court, where the suit is against the maker of the note or the acceptor of the bill; but when recourse is had to the indorser of the note or the drawer of the bill, very different considerations arise, as they are not the principal debtors to the holder of the instrument. Their undertaking is not absolute, like that of the maker of the note or the acceptor of the bill, but conditional, that if the maker in the one case or the acceptor in the other refuses to make good the undertaking they will pay the amount. Hence, the holder is bound to use due

diligence to obtain payment from the maker or acceptor, as a condition precedent to his right to recover of the parties only conditionally liable. Consequently, when a place of payment is designated in the body of the note or bill, the drawer or indorser has a right to presume that the maker or acceptor has provided funds at such place to pay the note or bill, and to require the holder to apply for payment at such place, unless when the place designated is a bank, and the bank is the holder of the instrument, when the rule does not apply. In all other cases the obligation is absolute, that the holder must aver and prove a presentment at the designated place, unless the necessity is obviated by agreement, or something appearing in the instrument to indicate a different intention. *Bank of the United States* v. *Smith*, 11 Wheat. 171, 175.

Suppose that is so, then there never need be any difficulty in determining the rights of the parties in such a case, where the place of payment is specifically designated in the bill, or where the terms of the instrument contain no such designation whatever, as the rule of procedure in each case, though different, is equally plain and unmistakable. Nor do the parties here differ in respect to those rules, but the plaintiff bank contends that the bill in question brings the case within the category of the first case, but the defendants insist that it falls within the second, where no place of payment is designated.

Looking at the terms of the bill, independent of the address to the drawees and the acceptance written across the face of the bill, it would seem that the theory of the defendants is correct; but the bill is addressed to " Messrs. Cox & Cowan, New York, N. Y.," as drawees, and is by them accepted without explanation or condition, from which it follows as a reasonable inference that they accepted the bill as if they were at the time in the city of New York, and having so accepted it without explanation or condition, the legal construction of the instrument is that it became payable when it fell due at the place designated by the address as the place where the acceptance took place. *Halstead* v. *Skelton*, 5 Q. B. 86; 1 & 2 Geo. IV. c. 78; 38 British Stats. 291.

Bills of exchange, like other written instruments, are subject to legal construction in order to ascertain the intent and mean-

ing of the parties, unless the language employed to express such intent and meaning is clear and unambiguous.

Enough has already been remarked to show that when a bill or note is expressed to be payable at a particular place on demand, it is always sufficient to prove that it was presented there to charge the acceptor or the indorser. *Evans* v. *St. John*, 9 Port. (Ala.) 186, 193; *McClane* v. *Fitch*, 4 B. Mon. (Ky.) 599. Where a bill is drawn on a firm, as W. M. & Co., at a particular number and street, as at 263 Washington Street, New York, the presentment should be made at their place of business, as presumable from such address, or at the residence of either of the firm. *Otsego County Bank* v. *Warren*, 18 Barb. (N. Y.) 291, 293.

If the instrument is payable in a particular town, and the residence of the maker or acceptor is elsewhere, the holder is not bound to make demand anywhere except in that town. *Smith* v. *Little*, 10 N. H. 526, 530; 1 Am. Lead. Cas. (5th ed.) 454.

Views equally explicit are expressed by Judge Story, who says that if the bill is drawn upon the drawee domiciled in one place and is payable in another place, and is accepted by him, *meaning without qualification*, the presentment should be made at the latter place. Thus, if a bill is drawn on the drawees at Liverpool, payable in London, and is accepted, without explanation, the presentment for payment must be in London, if any particular place is there pointed out where demand may be made, and if none, and no one can be found to pay the bill, it may be protested there for non-payment for that very cause. Story, Bills (4th ed.), sect. 353.; *Boot* v. *Franklin*, 3 Johns. (N. Y.) 208; 2 & 3 Wm. IV., 50 British Stats., c. 98, p. 587; Chitty, Bills (13th Am. ed.), 390.

So where a bill is directed to the drawee at a particular house, and is by him accepted without condition, the going to that house with the bill on the day of payment and finding it closed is a sufficient presentment. Bayley, Bills (5th ed.), 200; *Hine* v. *Allely*, 1 Nev. & M. 433; Chitty, Bills (13th Am. ed.), 330.

American authorities almost universally hold that in such a case no presentment is necessary to charge the acceptor of

the bill or the maker of the note, — the only effect of the neglect as to such a party being that it relieves him from cost and damages if he was ready at the time and place named to pay the amount and there was no one to receive it.   Such readiness is equivalent to a tender, and an answer pleading that fact and payment of the money into court will be a bar to the recovery of interest and cost.   *Hills* v. *Place*, 48 N. Y. 520 ;  *Caldwell* v. *Cassidy*, 8 Cow. (N. Y.) 271.

Want of due diligence cannot be successfully set up in this case, as the protest was given in evidence, and shows to a demonstration that every thing the law requires was done to find the acceptors or their place of business without success, and that the protest was finally made at the only place in the city of New York where they were accustomed to transact any business.

Diligence is doubtless required of the holder to ascertain the proper place to present the bill for payment; but it is not necessary to give that issue much consideration in this case, as it is not controverted that every needful effort in that regard was made, if the true theory of the bill is that it was payable in the city of New York, which is asserted by the plaintiff bank and denied by the defendants.

Nothing need be added to what has already been remarked to explain the views of the court upon that subject, which are, that the bill having been addressed to the drawees at the city of New York, and they having accepted the same without qualification, explanation, or condition, the bill became payable in that city, even though no mention was made of any dwelling, store, or place of business where the bill should be presented.  *Freese* v. *Brownell*, 35 N. J. L. 285; 1 Bell, Com. (5th ed.) 412.

Nor is it necessary to repeat the views heretofore expressed, that the acceptor of the bill, like the maker of a note, is the promissory debtor in such a case, and that in respect to such a party to a bill no presentment or demand of payment need be made at the specified place in order to render him liable to an action on the instrument.   Story, Notes (7th ed.), sect. 228; 1 Parsons, Bills and Notes, 425–429; Thompson, Bills (2d ed.), 294.

Our decisions are decisive to that effect, and it is equally clear in this case that every step necessary to bind the drawer and the indorser was also taken by the holder of the bill described in the declaration. Story, Notes (7th ed.), 236; *Carter* v. *Smith*, 9 Cush. (Mass.) 321.

Presentment at the specified place as against the acceptor of a bill is not necessary, the rule being that, if he was ready at the time and place to pay, he may prove that as a defence; but the rule is otherwise as against the drawer and indorsers. 3 Kent, Com. (12th ed.) 100, 104.

Five other assignments of error are set forth in the brief of the defendants; but it is unnecessary to pursue the discussion, as the remarks already made are sufficient to show that there is no error in the record, and that the judgment should be affirmed.

Exactly the same questions are also involved in the second of the above-entitled cases. Both were argued and submitted at the same time, and must be decided in the same way. In each case

*Judgment affirmed.*