HOME NATIONAL BANK OF BAIRD ET AL. v. FIRST STATE BANK
& TRUST COMPANY OF ABILENE ET AL.

Decided January 7, 1911.

**Bills and Notes—Acceptance.**

An acceptance is an engagement to pay a bill or note according to the tenor of the acceptance. An acceptance need not be in writing; any act or word evidencing a promise to pay the bill according to its tenor is sufficient to constitute an acceptance. It is the promise to pay that constitutes the acceptance and consequent liability. A statement by a bank, however, that a check of one of its depositors for a certain amount is "good" is not in legal effect the same as a promise to pay it.

Appeal from the District Court of Taylor County. Tried below before Hon. T. L. Blanton.

*T. P. Davidson,* for First State Bank & Trust Company.

*J. M. Wagstaff* and *Cunningham & Oliver,* for Mrs. Amie Sears.

*D. M. Oldham, Jr.,* for Clyde National Bank and R. L. Boydston.

*Hardwicke & Hardwicke,* for Home National Bank.

SPEER, ASSOCIATE JUSTICE.—This is an action by the Home National Bank of Baird, Texas, against the First State Bank & Trust Company of Abilene and others, seeking a judgment on two certain checks drawn by one J. T. Barnett against the Abilene bank, in which the liability of the Abilene bank is based upon an alleged acceptance by said bank, a determination of which question is decisive of this appeal.

An acceptance is defined to be "An engagement to pay the bill according to the tenor of the acceptance." Cox v. Natl. Bank of N. Y., 100 U. S., 704, 25 L. Ed., 739. And this acceptance or promise to pay, while usually evidenced by the word "accepted" written on the bill and signed by the drawee, need not be in writing, since any act or word evidencing a promise to pay the bill according to its tenor is sufficient to constitute an acceptance. Boyce v. Edwards, 29 U. S., 111, 7 L. Ed., 799; Milmo Natl. Bank v. Cobbs, 53 Texas Civ. App., 1 (115 S. W., 345.) Bearing in mind this definition of an acceptance we will examine the testimony which appellant insists shows an acceptance by the Abilene bank. Appellant's testimony standing alone would show an acceptance, but the testimony of Shelton, vice-president of the Abilene bank, was as follows:

"On the morning of February 4th (I was) called up by phone by plaintiff bank in reference to the payment of these checks. It was between 8:30 and 9 a. m., before banking hours, before we had opened up, there being no one at the bank but myself. I did not know the name of the man who called me up. He told me his name, but I had forgotten it by the time I hung up the receiver. Anyhow, it was the Home National Bank. He called me up and I understood him to say about the check for nine hundred and seventy-four dollars. I understood it was one check for nine hundred and seventy-four dollars and some cents. He might have said checks; did not give me the separate amounts. Gave total amount. Did not tell me to whom they were given. Told me checks were signed by J. T. Barnett. Asked me if the checks were all right. I told him to hold the phone, and I went into the vault, got out the ledger, looked at the account, returned to phone and told him the checks were all right if the signatures were all right. Think that was all I said. He asked me if we would pay the checks. I asked him what he said, and he again asked me if we would pay the checks— I thought I understood him to ask if we would pay the checks, but I did not know for sure and didn't answer that. I hung up the receiver. Did not tell him we would pay the checks, told him the checks were all right if the signatures were all right. About 9 o'clock Mr. Davidson, a director and attorney of the bank, asked me what amount Barnett had to his credit. He got the amount, went off and returned in about thirty or forty minutes, accompanied by Mr. Wagstaff, who called me to the back office and told me the funds were obtained through fraud, or Barnett had stolen the cattle from which the money came, and if we paid the money Mrs. Sears would hold the bank for it."

Upon this testimony we think a jury might fairly have found that the First State Bank & Trust Company did not promise to pay the checks in controversy. It is one thing for a bank to say that a check is good, and quite another in legal effect to promise to pay it. It is this promise that constitutes an acceptance and consequent liability. Springfield Bank v. First Nat. Bank, 30 Mo. App., 271.

It is immaterial whether appellant is right or wrong in its other

' contentions on this appeal, if there was no acceptance by the Abilene bank.

All assignments are overruled and the judgment is affirmed.

### ON MOTION FOR REHEARING.

We cited Springfield Bank v. First Nat. Bank, 30 Mo. App., 271, for our holding that a statement that a check was good was not tantamount to a certification, and on this motion counsel for appellant insists that this is contrary to the weight of authority, citing 1 Daniel on Neg. Inst., section 1606a. That writer does say in the section cited that "In the absence of any statutory provision on the subject, the mere verbal statement of the bank officer that the check is 'good' or a promise on the part of the bank to pay it, will be sufficient to operate as a certification and by way of estoppel, *provided such statement or promise be communicated to the holder and induce him to take the check.*" (Italics ours.) There is no contention in this case that appellant took the checks on the faith of appellee's statement that they were good. Its assistant cashier, who transacted the business for it, clearly shows by his testimony that he took the checks because of appellee's promise to pay them. The case is not one of estoppel at all.

However, under the facts of the case it was unnecessary for us to make the holding complained of since appellee's case does not rest alone on evidence that its vice-president said the checks were "all right." The evidence further shows that appellant's assistant cashier twice asked if they would be paid, and the appellee's agent refused to promise payment. This circumstance alone would support the court's finding that appellees had not accepted or certified the checks.

Motion for rehearing overruled.

*Affirmed.*

Separate applications for writs of error by Boydston, by Clyde National Bank, and by Home National Bank, dismissed for want of jurisdiction.