COMMERCIAL & SAVINGS BANK v. ROBERT H. JENKS LUMBER CO.

(District Court, N. D. Ohio.   January 3, 1912.)

No. 8,123.

1. BILLS AND NOTES (§ 267*)—OBLIGATIONS OF MAKER AND INDORSER.
   While the maker of a note is absolutely bound for its payment, the undertaking of an indorser is conditional that, if the maker refuses to make good the undertaking, the indorser will pay the amount, provided the holder exercises due diligence in making presentation, protest, etc.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 620, 629; Dec. Dig. § 267.*]

2. CORPORATIONS (§ 565*)—INSOLVENCY—RECEIVERS—CLAIMS.
   The P. H. Lumber Company, a Michigan corporation, executed a note payable to the J. Lumber Company, which indorsed it to claimant bank. After the appointment of a receiver for the J. Lumber Company, the P. H. Lumber Company, and other Michigan corporations standing in the same relation to the J. Company, were unable to obtain accommodations from banks, and therefore became financially embarrassed, and in danger of being forced into bankruptcy, whereupon these corporations made a proposition to their creditors to pay 60 per cent. on the dollar of the face of the notes, which was accepted and consummated. *Held* that, since claimant bank at the time of the appointment of the receiver for the J. Lumber Company had a vested equitable estate in such a proportion of its property as the amount expressed in the note bore to the entire amount of all the provable claims against the lumber company's estate, the bank was entitled to the same proportion of the proceeds and dividends from that property as any of the other creditors of the J. Company, and was hence entitled to prove its claim for the full amount of the note, and to receive dividends until the 40 per cent. balance due thereon was paid.

   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 565.*]

In Equity.   Action by the Commercial & Savings Bank against the Robert H. Jenks Lumber Company.   On petition for instructions to receiver.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep r Indexes

Frederick L. Taft and W. H. Marlatt, for Antwerp Exchange Bank Co. and others.

Holding, Masten, Duncan & Leckie, for receiver of Robert H. Jenks Lumber Co.

DAY, District Judge. In this matter the receiver filed a petition for instructions as to how he should deal with a note made by the Port Huron Lumber Company, payable to the Robert H. Jenks Lumber Company for $350.84, and indorsed by the payee and discounted by the Antwerp Exchange Bank Company, of Antwerp, Ohio, now owner and holder of the note, no part of which had been paid up to the time of the appointment of the receiver, nor until after claim filed herein.

It is recited in the petition that the Port Huron Lumber Company is a corporation of Michigan, part of the stock of which company is owned by the Robert H. Jenks Lumber Company. It is further represented that, after the appointment of the receiver herein, the Port Huron Lumber Company, and other Michigan corporations standing in the same relation to the Robert H. Jenks Lumber Company, were unable to obtain accommodations from banks, and therefore became financially embarrassed and in danger of being forced into bankruptcy. Thereupon the Michigan corporations made a proposition to their creditors, among them the Antwerp Exchange Bank Company, to pay 60 cents on the dollar of the face of the notes. Thereafter the receiver petitioned this court for authority to assent to the aforesaid agreement, without prejudice to the claims of the bank or the other creditors.

Now it appears that on the 4th day of August, 1911, Judge Killits, of this jurisdiction, approved an order providing, among other things, as follows:

"Any creditors of the said the Port Huron Lumber Company and the South Park Lumber Company, holding notes of either of said companies, and bearing the indorsements of the Robert H. Jenks Lumber Company, are hereby permitted to accept a settlement from either of said companies for 60 per cent. of the value of their claims, without prejudice to his or its claim against the Robert H. Jenks Lumber Company upon such indorsement, and said receiver is hereby directed to assent thereto, provided that no dividends shall be paid by such receiver to any such creditor upon such indorsement in an amount exceeding 40 per cent. of his claim upon such notes."

This order was granted upon application for a receiver in an ex parte proceeding, and will not be considered as prejudicing the rights of the Antwerp Bank in any particular. Nor, on the other hand, do I think this order should in any way interfere with any of the rights of the other creditors of this estate. It should be borne in mind that the matter in question is not under consideration in a bankruptcy court, and that the rules applicable to the filing of claims and the distribution of estates in equity courts apply.

Settlement was accordingly made by the bank and the other creditors, and they now claim that having filed their claims in this proceeding and before settlement with the makers of the notes, and the settlement having been made without prejudice to their rights to make

claim against the Robert H. Jenks Lumber Company for the full amount of their indebtedness, their claims should be allowed in full; they to be paid dividends on said amount until they shall have received 40 per cent. of their claims.

[1] The maker of this note in question is the Port Huron Lumber Company, and the Robert H. Jenks Lumber Company, the payee, was the indorser. Now the maker of a note is absolutely bound for its payment. Brent v. Bank, 1 Pet. 89, 92, 7 L. Ed. 65; Cox v. National Bank, 100 U. S. 704, 25 L. Ed. 739. And it must also be understood that the undertaking of an indorser of a note is not absolutely like that of the maker of a note, but conditional that, if the maker refuses to make good the undertaking, the indorser will pay the amount, provided the holder exercises due diligence in making presentation, protest, etc. Cox v. National Bank, 100 U. S. 704, 25 L. Ed. 739; Shaw v. Railroad Company, 101 U. S. 557, 25 L. Ed. 892.

Counsel for the receiver largely rely upon the case of In re Pulsifer (D. C.) 14 Fed. 247, and the case of In re Howard, 12 Fed. Cas. 625-627. The Howard Case was the opinion of a register in bankruptcy sustained by a district judge, and clearly related to an estate in bankruptcy, as did the Pulsifer Case.

Much reliance is placed upon the case of Commissioners of Shawnee County v. Hurley, 169 Fed. 92, 94 C. C. A. 362. In that case is involved the relationship of principal and surety. And after a very careful consideration, I cannot see how it can be distinguished from the matter before the court for consideration. Judge Sanborn in delivering the opinion of the court proceeds upon the theory which is applicable here, namely, that the filing of a petition in bankruptcy vests in each creditor of the bankrupt an equitable estate in such a proportion of his property as the creditor's claim bears to the entire amount of the provable claims.

This same view is taken by Justice Holmes in rendering the opinion of the court in the case of Sexton, Trustee, v. Dreyfus, 219 U. S. 339, 345, 31 Sup. Ct. 256, 55 L. Ed. 244. The learned justice takes the view that, at the time of the filing of the petition in bankruptcy, at that very moment the creditors acquired a right in rem against the assets, citing Chemical National Bank v. Armstrong, 59 Fed. 372, 378, 8 C. C. A. 155, 28 L. R. A. 231; Merrill v. National Bank of Jacksonville, 173 U. S. 131, 140, 19 Sup. Ct. 360, 43 L. Ed. 646. Both cases cited by Justice Holmes were in reference to the administration of estates in a court of equity.

[2] Now, when the receiver was appointed in this case, at the time of the appointment of the receiver, the Robert H. Jenks Lumber Company, as indorser, was liable for the entire amount expressed on the face of this note, when the holder of the note exercised due diligence in the requisites of demand, presentation, protest, etc. In other words, at the time this receiver was appointed, there vested in the Antwerp Bank an equitable estate in such a proportion of the property of the Robert H. Jenks Lumber Company as the amount expressed in the note, the amount then owing on this note, bears to

the entire amount of all the provable claims against the estate of the Robert H. Jenks Lumber Company, and it appears to me that the bank is entitled to the same proportion of the proceeds and dividends from that property as any other creditors, until this claim is paid in full, because its equitable estate in this property is not diminished or changed by the settlement of payment which it received from the Port Huron Lumber Company. Board of County Commissioners v. Hurley, 169 Fed. 92–95, 94 C. C. A. 362; Merrill v. National Bank of Jacksonville, 173 U. S. 131, 147, 19 Sup. Ct. 360, 43 L. Ed. 640; Chemical National Bank v. Armstrong, 59 Fed. 372, 8 C. C. A. 155, 28 L. R. A. 231.

It is true that in the case of the Board of County Commissioners v. Hurley there existed the relation of principal and surety, but, in so far as the question of proving this claim is concerned, I can see no distinction; for when the note was protested the rights of the parties were fixed, the obligation of the indorser was fixed, and, the estate of the indorser being in the hands of a receiver, the only recourse which the holder of the note could have would be to rely upon the estate in the hands of the receiver—or, in other words, the appointment of this receiver vested in the bank an equitable estate and in such a proportion of the estate as the claim of the Antwerp Bank bore to the entire amount of the provable claims.

The rule contended for by the attorneys for the bank has been applied with favor in the Circuit Court of Appeals in this jurisdiction, including Chemical National Bank v. Armstrong, 59 Fed. 372, 8 C. C. A. 155, 28 L. R. A. 231, Mr. Justice Brown and Circuit Judges Taft and Lurton, composing the court. The opinion was delivered by Judge Taft, who very ably and thoroughly discusses the principle, with a citation of all the authorities. The court came to the conclusion that the estates of insolvent debtors are held under insolvency proceedings in trust for the benefit of all the creditors, and that the creditors, on proving their claims, acquire a vested interest in the trust fund, and that the creditors' rights to dividends are to be determined by the amount due at the time their interest in the estate becomes vested, and are not subject to subsequent change. To the same effect is the case of Merrill v. National Bank of Jacksonville, 173 U. S. 131, 147, 19 Sup. Ct. 360, 367 (43 L. Ed. 640), where Chief Justice Fuller says:

"Our conclusion is that the claims of creditors are to be determined as of the date of the declaration of insolvency, irrespective of the question whether particular creditors have security or not. When secured creditors have received payment in full, their right to dividends and their right to retain their securities cease; but collections therefrom are not otherwise material. Insolvency gives unsecured creditors no greater rights than they had before, though through redemption or subrogation or the realization of a surplus they may be benefited."

Now, in this case, counsel for the trustee argue that the Antwerp National Bank should be limited to a dividend on the unpaid balance of the note or of its claim, and argue that the relation of maker and indorser is different from that of principal and surety. I fail to see this distinction as applied to the filing of this claim in a court of

equity. It was the obligation of the Jenks Lumber Company to pay such part of the note as the maker did not pay, upon proper protest and presentment of this note, and, when the receiver was appointed in this case, that obligation extended to the entire face of the note. It is true that, if the Jenks Lumber Company had not gone into the hands of a receiver, they would only have been liable for the portion of the note which was not paid by the maker; but, after the filing of this suit and the appointment of a receiver therein, the claim against the Jenks Lumber Company and the claim against the estate were not identical, as was said by Judge Sanborn in the case of Board of County Commissioners v. Hurley, 169 Fed. 92, 96, 94 C. C. A. 362, 366:

"The former was a chose in action; the latter was an equitable estate. The one was a claim in personam; the other a claim in rem. * * * The latter was an equitable right to such a share of the property of the bankrupt as its amount at the filing of the petition bore to the amount of all the provable claims against that property. It drew no interest after the petition was filed because it was an equitable estate and not a personal claim, and, while subsequent payments by the principal debtor reduced the claim against Devlin, they did not affect the equitable estate in his property which the county held until the full payment of that claim had been received by it."

So in the matter here presented, the payment by the Port Huron Lumber Company reduced the claim against the Jenks Lumber Company; but this payment of 60 per cent. on the note did not affect the equitable estate in the property in the hands of the receiver until the holder of the note, the Antwerp Bank, had received the full amount of its claim. It is quite easy to confuse the application of this principle. It is true that, after the Antwerp Bank settled with the maker of this note for 60 per cent. of the note, the amount for which the indorser, the Jenks Lumber Company, or its estate in the hands of a receiver, was liable for, was only 40 per cent. of the face of the note, and that is true whether there is a receivership or not; but in realizing upon this unpaid balance, by virtue of the decisions in the cases I have before referred to, the claimant, the Antwerp Bank, is entitled to receive dividends on the face of its claim because it had a vested interest in the entire estate in rem at the time of the appointment of the receiver. It has a claim for 40 per cent. of the face of this note, and in realizing upon that claim it can receive dividends upon the entire face of the note until this 40 per cent. balance is paid, and no longer.

In reference to the rule contended for by counsel for the receiver, as was said in the case in 169 Fed., 94 C. C. A. (Board of County Com'rs v. Hurley):

"That rule would require a reconsideration and reallowance of the claims of creditors upon which any third party is liable every time he makes a payment, or at least before each dividend after such payment has been made. It would result in much confusion and delay," etc.

The application of the rule contended for by the Antwerp Bank is not inequitable, and the rule contended for by counsel for the receiver, and all the other creditors of the Jenks Lumber Company, would take out of the estate of the Jenks Lumber Company the divi-

dends which the Antwerp Bank would otherwise receive, solely because the Antwerp Bank, after the appointment of the receiver, collected a certain part of the debt from the principal debtor. The Jenks Lumber Company agreed as indorser with all the obligations of an indorser that this note would be paid. These obligations have been fixed. It is entirely equitable that the claim should be proved and dividends received, as contended by counsel for the Antwerp Exchange Bank Company, and it is accordingly ordered that the Antwerp Exchange Bank Company be allowed to prove its claim for the full amount and receive dividends until the 40 per cent. balance due on this note is paid.