<hr />

### DONOVAN v. UNIVERSAL MOTOR TRUCK CO.

(Circuit Court of Appeals, First Circuit. January 6, 1920.)

#### No. 1407.

1. SALES ⬅479(8)—EVIDENCE REGARDING PLAINTIFF'S TITLE AND RIGHT TO POSSESSION JURY QUESTION IN CONDITIONAL SELLER'S REPLEVIN ACTION.

In replevin, based on a conditional sale contract, evidence regarding defendant's refusal to pay installment notes when due, etc., made a jury question as to plaintiff's title and right to immediate possession.

2. SALES ⬅479(8)—INSTRUCTION IN CONDITIONAL SELLER'S REPLEVIN ACTION ON LOSS OF NOTE AS EXCUSE FOR NONPRESENTMENT.

In replevin action, based on a conditional sale contract, an instruction that the loss of an installment note would excuse its nonpresentment, if plaintiff made that fact known to defendant and offered him security against further demands on it, was not error, since it was more favorable to appellant defendant than was authorized by Rev. Laws Mass. c. 73, § 87, relating to necessity of presentment.

3. SALES ⬅479(8)—INSTRUCTION IN CONDITIONAL SELLER'S REPLEVIN ACTION ON DUTY TO PAY NOTES NOT PRESENTED BECAUSE LOST.

In a replevin action, based on a conditional sale contract, an instruction that defendant's absolute refusal to perform the contract absolved plaintiff from the necessity of presenting for payment notes which thereafter fell due was unduly favorable to plaintiff.

4. APPEAL AND ERROR ⬅1064(1)—ERRONEOUS INSTRUCTION ON NECESSITY OF PRESENTING NOTES NOT PREJUDICIAL, IN VIEW OF DEFENSE MADE.

In replevin, based on a conditional sale contract, an instruction that defendant appellant's absolute refusal to perform the contract absolved plaintiff from the necessity of presenting for payment notes thereafter falling due, while unduly favorable to plaintiff, was not prejudicial, where defendant based his refusal to pay, not on the fact that the notes had been lost, but on the unsatisfactory character of the article sold to him.

5. SALES ⬅479(8)—REQUESTED INSTRUCTION IN CONDITIONAL SELLER'S REPLEVIN ACTION NOT SUSTAINED BY EVIDENCE.

In a replevin action, based on a conditional sale contract, a requested instruction that there was no evidence that plaintiff and the payee were identical was properly refused, where there was evidence that the payee was a selling department of plaintiff company.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Replevin action by the Universal Motor Truck Co. against Patrick F. Donovan. Judgment for plaintiff; and defendant brings error. Affirmed.

James H. Kenney, of Boston, Mass., for plaintiff in error.

John H. Powers, of Boston, Mass. (Henry W. Beal, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

JOHNSON, Circuit Judge. This is a writ of error from a judgment recovered by the defendant in error in an action of replevin. For convenience, the parties will be designated as they were in the lower court.

The material facts in the case are these: On June 11, 1913, the defendant entered into a contract to purchase of the plaintiff two Universal motor trucks, one to be delivered forthwith and the other in 40 days or less. At the time of placing his order he made a payment of $100, on account of the purchase price of one of the trucks, and upon the delivery of the truck made a further payment of $600, and gave to the plaintiff 12 notes, nine for $266.66, and three for $133.35 each, all aggregating $2,800, and payable to the Universal Motor Truck Company of New York. They were made payable at the Federal Trust Company of Boston, and when the first note became due on July 19, 1913, it was there presented and paid. The remaining notes were never presented for payment to the Federal Trust Company, and none of them had been paid when the action was brought, and it was claimed at the trial that they were lost early in the fall of 1914.

The agreement under which the truck was purchased contained the following provision:

"Upon failure of undersigned to make any payment provided for herein, at the time same is due and payable, you, or any person by your order, may take possession of and remove said motor truck, with or without leave or process. * * * It is agreed that title to said motor truck shall not pass to undersigned until the price thereof, or any judgment for all or part of the same, is paid in full, and that until such payment said motor truck shall remain the property of the Universal Motor Truck Company."

Each note contained a similar provision in regard to right of possession upon failure of payment and the retention of title.

There was a jury trial, and a verdict for the plaintiff. Upon questions submitted to them the jury found specially that the notes given by the defendant to the plaintiff had been lost; that the defendant had paid none of the notes in question given by him, except the one due July 19, 1913, which was in evidence; that the defendant notified the plaintiff's representatives, before some of the notes became due, that he would not pay such notes because of his dissatisfaction with the truck.

The assignments of error are the refusal of the court to direct a verdict for the defendant, and the refusal to instruct the jury, in substance, that, in order for the plaintiff to prevail, it was necessary to prove that the series of notes signed by the defendant, when due, were presented to the Federal Trust Company at Boston, and there not paid; also that there was no evidence that the Universal Motor Truck Company of Detroit, Mich., and the Universal Motor Truck Company of New York, are identical.

[1] Under date of August 19, 1913, James H. Kenney, acting as attorney for the defendant, wrote the following letter to the plaintiff:

"I understand that one of his notes was due to-day, and I have advised him not to pay it, because, as I understand it from his statement, the damage

'which he has sustained, being obliged to hire another truck to do his work and the inability of the truck which he has in his possession to do the work, greatly exceeds any amount due from him to you."

There was also evidence that in April or May, 1914, there was a conference at the office of the defendant's attorney in Boston, at which the defendant and his attorney were present, and also certain representatives of the plaintiff company; that at this conference either the defendant or his attorney said:

"Mr. Donovan would not pay any more notes; that the first one got through the bank before they knew it, and that they had notified the bank not to pay any more of them"

—that the defendant was then told that the unpaid notes had been lost, and at this time several notes were not yet due.

We think there was substantial evidence of the plaintiff's title and right to immediate possession to be submitted to the jury, and that there was no error in the refusal of the presiding judge to direct a verdict for the defendant.

[2] The learned judge of the District Court gave the requested instruction in regard to the necessity of presentation of the notes at the place of payment at their maturity, in order to entitle the plaintiff to recover, but with the qualification that this would not apply if they should find that the notes had been lost; that "the loss of a note would be an excuse for nonpresentment, but in that event it would devolve upon the plaintiff to make that fact known to the defendant and to offer him security against further demands upon the note; in other words, against having to pay that note twice." This instruction was more favorable to the defendant than authorized by the Revised Laws of Massachusetts, c. 73, § 87, and the decisions of its Supreme Court (Carley v. Vance, 17 Mass. 389; Ruggles v. Patten, 8 Mass. 480, 483; Tucker Mfg. Co. v. Fairbanks, 98 Mass. 101; Farmers' National Bank v. Venner, 192 Mass. 531, 534, 78 N. E. 540, 7 Ann. Cas. 690), and the following decisions of the Supreme Court of the United States: Wallace v. McConnell, 13 Pet. 136, 10 L. Ed. 95; Brabston v. Gibson, 9 How. 263, 13 L. Ed. 131; Cox v. National Bank, 100 U. S. 704, 25 L. Ed. 739.

Under the Massachusetts statute, and under these decisions, the defendant was in default, even if the notes were not presented for payment according to their terms, unless he could prove that he had offered or given directions to pay them at the time and place of payment, and had continued ready and willing to pay them.

[3, 4] The jury were further instructed that if the defendant—

"unconditionally and absolutely declined to go on with the contract for the purchase of the truck, the plaintiff had the right to take him at his word and was absolved from the necessity of presenting for payment the notes which thereafter fell due. * * * Unless you find that there was such a refusal, your verdict should be for the defendant. If you find that there was such a refusal, and that afterwards installments fell due and which were not paid, not because the notes were not presented, but because the defendant had made up his mind not to go on with the contract, and had so told the plaintiff, then there was a breach of the contract which justified the plaintiff in retaking the truck, and your verdict should be for the plaintiff."

The jury found specially that the defendant had notified the plaintiff that he would not pay the notes, and that he had not paid them; and while we think this instruction, so far as it relates to the duty of the plaintiff to present the notes for payment, was, as already indicated, unduly favorable to the plaintiff, the defendant clearly was not injured by it. He testified that he did not know the notes were lost, and although two representatives of the plaintiff testified that they told him in April or May, 1914, after several had matured, that they had been lost, his failure to offer to pay them, or make provision for their payment, could not have been occasioned by his knowledge of their loss. Neither was the notice given by his attorney to the plaintiff when the second note fell due prompted by any knowledge that that note or the other unpaid notes had been lost and could not be surrendered; but the only reason assigned by him for refusal to pay the notes was that the plaintiff had failed to deliver the truck contracted for, and that this failure had caused his client greater damage than the balance of the purchase price which had not been paid.

[5] The remaining error assigned, which we think it necessary to consider, is the refusal to instruct the jury—

"that there was no evidence to show that the Universal Motor Truck Company of Detroit, Mich., and the Universal Motor Truck Company of New York, are identical."

There was evidence that the Universal Motor Truck Company of New York was a selling department of the plaintiff company, and therefore the notes were made payable to it; and there was no error in refusing to give this instruction.

The judgment of the District Court is affirmed, with costs in this court to the defendant in error.