Manly, J.
 

 We do not think the action can be sustained, either upon the count on the order, or the count upon the express promise.
 

 The drawer’s liability upon the order is a conditional liability, dependent upon presentation to the drawee and notice of his failure to the drawer. Such a precedent action is indispensible to fix a responsibility upon the latter. As this has not been done, the count upon the order against the defendant, is not supported.
 

 It follows that the express promise, taken in the strictest sense against the defendant, and regarded as an absolute promise to pay, is without consideration, and of no binding force between the parties to it.
 

 It would seem unnecessary, therefore, to consider the ques■tions whether, what took place amounted to a promise at all, •and if so, whether it was such as would support the action. It will be perceived the alleged promise and ultimate refusal were one and the same conversation, with no other interruption to the parts than the time, necessary to get a paper from the pocket-book ; and it would, therefore, seem more consist■ent with established principles of interpretation to take it altogether, as one continued negotiation, and construe it accordingly. Defendant, at one time, says “ I will pay it.” In the next moment, for some reason not explained, but which might, probably, grow out of the exhibition of the paper, he reverses his declaration and says, “ I will not pay it.” The dealings of mankind with one another are not exactly in the nature of a game, in which a false move is irrevocable; but rather in the nature of a conference, where a party may, after all lights are thrown upon a matter, re-adjust his views and modify or reverse promises or undertakings made in the course of it.
 

 But without relying upon this, or upon the lapse of time from the drawing of the order, until it was brought back, '•(which last, we should feel bound to give consideration to,
 
 *575
 
 were it necessary to the decision of the cause,) we are of opinion the action cannot be maintained on either count, for the reason that there is no consideration to support the assumpsit in either case' — the maker’s order, without proof, not importing any. The judgment below should be reversed, and a
 
 venire 'de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.