S. WITTKOWSKI surviving partner v. G. L. SMITH and others.

*Bills of Exchange, where payable—Demand.*

The presentation of a draft for payment at the place of its date is a sufficient demand to charge the drawer or acceptor after notice of protest, where the place at which it was payable is not stated in the writing and no proof made that any particular place was agreed upon. .

CIVIL ACTION commenced before a justice of the peace and tried on appeal at Fall Term, 1880, of MECKLENBURG Superior Court, before *Seymour, J.*

This action is against one of the drawers and the personal representative of the other, upon an inland bill in the following form:

CHARLOTTE, Oct. 30th, 1871.

Thirty days after date pay to the order of Wittkowski & Rintels one hundred and sixty-six dollars and fifteen cents, value received, and charge to the account of

GENTRY & SMITH.

To S. L. BILLINGS.

Across the face of the instrument were written these words: "Accepted Oct. 30th, 1871. S. L. Billings."

The bill was discounted by the Bank of Mecklenburg at Charlotte, and not being provided for, was at its maturity, on demand made, protested for non-payment by a notary public at the said bank, and notices thereof forwarded by mail, addressed to the drawers at Gap Civil in Alleghany county and to the acceptor at Sparta in said county in this State. The notices were directed to those places upon information derived from the plaintiff as to the residences of the respective parties. It was in proof that Billings then lived and had always lived in Grayson county, Virginia, and was amply solvent when the bill became due and for some time afterwards. He has since gone into bankruptcy.

Upon this evidence, it was contended for the defendant that no demand had been made on the acceptor, sufficient to charge them as drawers. A verdict for the plaintiff was taken, subject to the opinion of the court upon the question reserved by consent, as to the liability of the defendants upon the facts proved; and the court, being of opinion that no sufficient demand had been shown, ordered the verdict to be set aside and a nonsuit entered. From this judgment the plaintiff appealed.

*Messrs. C. Dowd* and *P. H. Walker,* for plaintiff.
*Mr. W. H. Bailey,* for defendant.

SMITH, C. J. No place of payment is mentioned in the bill and no agreement as to such place shown by parol, as it was competent to show if any such agreement existed, under the ruling of Chief Justice MARSHALL, in *Brent's Executor's* v. *Bank of Metropolis,* 1 Peters, 92, and we have no other guide than that furnished in the writing itself. It was drawn and accepted on the same day, and so far as appears, at the same place. The inference to be drawn from

an inspection of the instrument is that *funds were there* to be provided to meet the debt in the absence of evidence of any contrary understanding. Had it been intended that it should be paid elsewhere, it must be assumed it would be so expressed upon its face, or be the subject of agreement between the parties. "The place of date," remarks a recent author, speaking of promissory notes, made negotiable like bills of exchange and governed by the same rules when not controlled by statute, " is *prima facie* evidence that it is the place of the maker's residence and place of business, and it is sufficient, we should say, to charge an endorsee to have the note in that place at the time of maturity, and to make proper inquiry after the place of the maker's residence or place of business, provided that the holder does not know that his residence is elsewhere." 1 *Dan. Neg. Ins.*, § 640. Or, it may be added, when he does not know where it is.

"When the bill or note is made on terms payable in a city, without specification of a particular place, and the acceptor or maker has no residence or place of business there, it will certainly be sufficient to charge the drawer or endorser, if the holder have the bill or note in the city at maturity, ready to be presented and delivered up, if the maker or acceptor should appear." *Ibid.*

In *Meyer* v. *Hibscher*, 47 N. Y., 270, FOLGER, J., thus speaks of a note dated at a place and payable generally: "In such case the note must be presented and payment asked for at the place of business therein of the maker, if he has one; and if he has no place of business, then at his place of residence. *And if he neither have place of business, nor residence, then if the holder of the note is at the place where it is in general made payable, on the day of payment with the note, ready to receive payment, it is sufficient to constitute a presentment and demand.*"

As it was the undertaking of Billings, whose obligation was absolute, to provide and have in Charlotte the necessary

funds to take up his acceptance when it matured, in which he wholly failed, and the bill then went to protest, of which notice was given to the defendants who drew the bill, their liability became fixed and it was their duty to look out for protection against the impending insolvency of the principal debtor.

No point is made as to the sufficiency of the notice of the non-payment, and in our opinion His Honor erred in holding the demand, upon which the protest was made, insufficient, and in setting aside the verdict and directing a nonsuit. The judgment below must be reversed and judgment rendered upon the verdict for the plaintiff, and it is so ordered.

Error.                                          Reversed.