(Wittkowski v. Smith, 84 N.C. 671; Brown v. Teague, 52 N.C. 573; cited and approved).
This action is against T. J. Jones, the drawee and acceptor, and the drawer of a check or draft in favor of B. T. C. Fuller, and by them endorsed to the plaintiff, which is in these words:
"$720.00. FAYETTEVILLE, N.C.
January 2d 1879.
Thirty days after date, pay to the order of Messrs. B. T. C. Fuller, seven hundred and twenty dollars, value received, and charge the same to account of
T. S. LUTTERLOH.
To MR. T. J. JONES."
The draft was presented to the drawee and accepted by him, by writing his name across its face, on the same day.
The complaint, among other allegations necessary to constitute a cause of action against the defendant, alleges that the draft was presented to the acceptor Jones, on February 4th, 1879, and payment demanded, and payment not being made, due notice of the default was given to the drawee Lutterloh; and that the latter had no funds in the hands of said Jones to meet the draft. No answer was put in by the defendant Jones, and judgment by default was entered against him.
The defendant Lutterloh answered and denied the allegations contained in the 5th, 6th and 9th articles of the complaint, which allege a presentation for payment and giving notice of non-payment to the defendant, and that there were not funds in the drawee's hands provided by the defendant to meet the demand. *Page 420 
The issues passed on by the jury were as follows:
(497) 1. Was the draft sued on presented to Thomas J. Jones, acceptor, for payment on the 4th day of February, 1879? The jury answer, No.
2. Did the defendant, Thomas S. Lutterloh, have notice served on him of the non-payment by the said Jones of said draft? Answer: Yes.
3. Did the defendant, at the time of drawing said draft on said Jones, have funds or effects in his hands sufficient to pay the draft, and reasonably expect that it would be paid by him? Answer: Yes.
The evidence offered by the plaintiff to sustain the affirmative of the inquiry made in the first issue, was a notice of protest, with a copy of the draft annexed in these words:
"On this, the 4th day of February, in the year of our Lord one thousand eight hundred and seventy-nine, at the request of the cashier of the People's National Bank, the holder, I, Charles T. McGary, notary public, duly commissioned and sworn, residing in the town of Fayetteville, State aforesaid, do hereby certify that the original note, which is hereunto attached, was duly presented at The People's National Bank, and payment thereof was then and there demanded, which was refused. Whereupon I, the said notary, at the request aforesaid, have protested, and by these presents do publicly and solemnly protest as well against the maker and endorsers of said note, as against all others whom it doth or may concern, for exchange, re-exchange, and all cost, damages and interest already incurred, or to be hereafter incurred for want of payment of the same. On the 4th day of February aforesaid, I notified the endorsers of the said note of its non-payment, addressed to T.S. Lutterloh, B. T. C. Fuller.
"In witness whereof, I have hereunto set my hand and affixed my notarial seal the day and year above written."
There was evidence before the jury, that the drawee had, at the time of the maturity of the draft, both a residence and place of business in the town of Fayetteville; and from the reproduced testimony of (498) the notary, now deceased, given on a former trial, that he did not see Jones when he made the protest, and that it was done at the corner (counter doubtless intended) of the bank. The Court charged the jury that the certificate of the notary made out a prima facie case for the plaintiff, but that the same might be rebutted by other proof, and in that connection they might consider the fact of the defendant, Jones, having both a residence and place of business in Fayetteville, as tending to rebut the prima facie case and disprove the presentment to Jones of the draft. His Honor further charged the jury, that if they believed the defendant, Jones, had a place of business and also a residence, then the plaintiff must show that the presentment *Page 421 
was made upon the defendant, Jones, at one or the other places before the draft could be protested for non-payment; and further, that as the draft in controversy was dated at Fayetteville and payable generally, the plaintiff must show that the same was presented and payment asked for at the place of business of the acceptor, if he has one; and if he has no place of business, then at his place of residence.
And if he has neither place of business nor residence, then if the holder of the draft had it at the place where it is generally made payable, on the day of payment, it is sufficient to constitute a presentment and demand.
Upon the verdict, both the plaintiff and defendant moved for judgment, the plaintiff insisting that notice to Lutterloh of Jones' default was all he was entitled to, especially as he had funds in his hands, and reasonably expected him, Jones, to pay the draft, and as the jury, by their verdict, say he had notice, and that, too, on the very day of the maturity of the draft, he had ample opportunity to protect himself, which is all he was entitled to, and he is liable to plaintiff in this action.
His Honor refused to give judgment for the plaintiff, and gave judgment for the defendant. There was a rule for new trial, and errors alleged in his Honor's charge as given, and for his refusal (499) to give judgment for the plaintiff upon the verdict of the jury, and for errors in giving judgment for the defendant upon the verdict. Rule discharged. Judgment, and appeal by the plaintiff.
We think the law was correctly laid down by the Court, and the appellant has no just grounds of complaint. The ruling is in accord with that made by this Court in Wittkowski v. Smith, 84 N.C. 671, in its approving quotation from 1 Dan. Neg. Ins., § 640, that a draft payable at no definite place in a city or town, must be presented at the maker's residence or place of business, if he has such, at its maturity, and if he has none, then the presence of the instrument in the place is a sufficient presentation.
While protest of a domestic draft or inland bill, operating alone within the limits of the State, under the commercial law, is not required, and presentation and notice of non-payment are sufficient to charge the drawee and endorsers, we have a statutory provision, The Code, § 49, declaring that a protest, wherein it is set out that demand was made, in cases where demand is necessary, and notice given, and *Page 422 
the manner in which it was done, shall, as in case of foreign bills, beprima facie evidence of the fact thus stated.
But this is open to disproof, and here it is shown upon the notary's own testimony that he did not see the drawee on the occasion, and of course could make no demand on him; and that the protest was at the counter of the bank.
We think that notice of the draft's not having been paid, when no demand had been made on the party primarily liable, and who had funds in his hands provided by the drawee to take up the draft (500) at its maturity, of which his acceptance would seem to be a full acknowledgement, is not sufficient to charge the drawee, and convert his contingent into an absolute and unconditional liability. Brown v.Teague, 52 N.C. 573; and numerous cases cited in 2 U.S. Dig., Title Bills and Notes, § 2003.
There is no error, and the judgment is affirmed.
No error. Affirmed.
Cited: Adrian v. McCaskill, 103 N.C. 188; Bank v. Bradley, 117 N.C. 530.