THE BANK OF ALBION *vs.* SMITH, impleaded with Merrick.

The legal effect of an indorsement of a promissory note, in blank, cannot be varied, or changed, by a cotemporaneous parol agreement.

The undertaking of an indorser may be either limited, or enlarged, at the time it is entered into, by express terms, at the pleasure of the indorser. But if no such terms are expressed, in the indorsement, the law fixes the character of the undertaking, and it cannot be varied by parol.

Therefore, in an action against an indorser, on a blank indorsement, the plaintiff will not be allowed to prove that, at the time the defendant sold and indorsed the note to him, it was agreed by parol that the plaintiff need not make any demand of the maker, when the note should mature, but that the defendant would be bound to pay without such demand.

ACTION against the defendants upon a promissory note; Merrick being the maker, and Smith the indorser. The note had been discounted by the plaintiff, at the request of Smith. The complaint alleged that at the time of the indorsement and transfer of the note to the plaintiff, and as a

part of the transaction, Smith promised and agreed to and with the plaintiff, that the note should be paid by the maker at the Bank of Albion. And that Smith expressly waived the presentation of the note to, and a demand of the maker. On the trial it was proved that a few days after the date of this note, Smith called at the bank to get some notes discounted; that the president objected to this note, on the ground that it was not made payable at a bank, and that the plaintiff would be obliged to go to the maker, Merrick, to make a demand. That Smith said that would make no difference; that he would notify Merrick where the note was, and he, Merrick, would call at the bank and pay it when it was due; that it would be unnecessary to go and make a demand of payment of Merrick, as he would let Merrick know, and M. would come and pay; that Smith indorsed the note and the plaintiff let him have the money upon it.

The note, and the certificate of the notary, showing that notice of non-payment was given to Smith, was then read in evidence. The counsel for the plaintiff then proved the amount of interest on the note, and rested his case. Whereupon the defendant's counsel moved for a nonsuit, on the ground that there was no evidence showing that the defendant waived presentment to, and demand of, the maker. 2. That the parol evidence could not be admitted to qualify the written contract of indorsement made by the defendant Smith on the note itself. 3. That the proof did not make out a cause of action under the complaint. The court denied the motion for a nonsuit, to which the defendant excepted; and the defendant offering no evidence, the court charged the jury that if they believed from the evidence that the defendant, at the time he indorsed and transferred the note, intended to waive presentment and demand of the maker, and Mr. Burrows (the president of the bank) so understood it, and was induced by what the defendant said to omit demanding payment of the maker at the time the note fell due, they must find a verdict for the plaintiff. The defendant's counsel excepted to the charge and every

part thereof, and the jury found a verdict for the plaintiff for the amount of the note and interest.

The defendant Smith, upon a case, moved for a new trial.

*John H. White,* for the plaintiff.

*J. L. Requa,* for defendant Smith.

*By the Court,* JOHNSON, J. The only question in the case is, whether the legal effect of the indorsement of a promissory note, in blank, can be varied, or changed, by a cotemporaneous parol agreement. An indorsement in blank imports, in law, a precise and definite undertaking on the part of the indorser to pay the note, upon condition that payment shall be demanded of the maker, and notice of non-payment given to such indorser, in the manner prescribed by law. It is, in legal effect, a promise in writing. Our courts in this state have uniformly held that the legal import of a written undertaking was a part of the contract, and could no more be varied, or contradicted, by parol, than it could, had such legal import been clearly and fully expressed in the instrument. I know of no exception to this rule, in this state.

The rule has been applied to promissory notes, indorsements, bills of lading, leases, deeds, and almost every description of written instruments. I shall cite only a few of the numerous cases to be found in our reports. *Thompson* v. *Ketcham,* (8 *John.* 189.) *Creery* v. *Holly,* (14 *Wend.* 26.) *Seabury* v. *Hungerford,* (2 *Hill,* 80.) *Prosser* v. *Luqueer,* (4 *id.* 420.) *Pattison* v. *Hull,* (9 *Cowen,* 747.) *Payne* v. *Ladue,* (1 *Hill,* 116.) *Swart* v. *Service,* (21 *Wend.* 36.) The principle is that all previous and cotemporaneous negotiations and undertakings are merged in the writing and its legal import. The undertaking of an indorser may be either limited, or enlarged, at the time it is entered into, by express terms, at the pleasure of the indorser. But if no such terms are expressed, in the indorsement, the law fixes the character of the undertaking, and it cannot be varied by parol. What the plaintiff

insisted upon, at the trial, and what the jury found, was, in substance and effect, that at the time the defendant turned out the note, and indorsed it, it was agreed by parol that the plaintiff need not make any demand of the maker, when the note became due, and that the defendant would be bound to pay without such demand. In other words, that a demand of the maker, was no part of the condition of the promise to pay. It did not present the case of a waiver of a condition, after it had become obligatory. The effect of the evidence was to show that no such condition ever attached, or formed any part of the undertaking. If an indorsement can be varied by a cotemporaneous parol agreement, to this extent its entire character may be changed, and no one can ever know how, or to what extent, an indorser in blank is bound. The question of waiver of demand did not arise in the case, whatever it may have been called upon the trial.

The case of *Brent's Ex'rs* v. *The Bank of the Metropolis,* (1 *Peters,* 89,) relied upon by the plaintiff's counsel, so far as it holds that the legal import of an indorsement may be contradicted or varied by parol, is certainly not law in this state, and is in conflict with a well settled rule of evidence. In that case, however, the agreement, as to the place of the demand, was with the maker, and not with the indorser, sought to be charged. No place of payment was mentioned in the note, but demand was made at the place where the maker agreed that demand and payment should be made. In such a case, perhaps, it might well be held that as to the indorser the demand was duly made, and the condition complied with. The indorser was held to be bound by the agreement of the maker and the established and known usage of the bank. No such questions arise in this case. Here was no demand of the maker, and the only question is, whether the liability of the indorser has been fixed without it. It is clear, I think, that it has not. The defendant was entitled to a nonsuit. A new trial must therefore be granted, with costs to abide the event.

[CAYUGA GENERAL TERM, June 7, 1858. *Welles, Smith* and *Johnson,* Justices.]