(40 App. Div. 533.)

BIRD et al. v. KAY.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

1. BILLS AND NOTES—PLEADING—WAIVER OF PROTEST.
    The facts constituting waiver of notice of protest, to be admissible in evidence, must be set forth in the complaint, and cannot be proved under a pleading alleging due notice of protest.

2. SAME—LIABILITY OF INDORSER.
    Agreements made previous to, or at the time of, the indorsement of a note, affecting the liability of the indorser, are merged in the indorsement, and evidence of the same is inadmissible.

Appeal from trial term.

Action by William B. Bird, Charles T. Carruth, John F. Phillips, and Henry D. Page, comprising the co-partnership firm of J. A. & W. Bird & Co., against Joseph W. Kay, to recover on a promissory note. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

John W. Boothby, for appellant.
John S. Melcher, for respondents.

RUMSEY, J. The action was upon a promissory note made by one Cavendy to his own order, and indorsed by him, and also by the defendant, and the plaintiffs seek to charge the defendant by reason of his liability as indorser of the note. The allegation of the complaint was that Cavendy "indorsed the note, and thereupon the defendant indorsed it, and after the indorsement by the defendant the note was delivered by said Cavendy, and afterwards, and before maturity, * * * came into possession of the plaintiffs." The complaint contained a further allegation that the indorsement by the defendant was made with the intent to give credit to the maker of the note, and that the note was delivered and accepted upon the faith of such indorsement, and that the plaintiffs took the note relying upon the indorsement of the defendant. The complaint then contained the usual allegations that the note was duly presented for payment at the place where, by its terms, it was payable, that payment was refused, and that thereupon the note was duly protested for nonpayment, of all of which due notice was given to the defendant.

The answer denied that the defendant had notice of the presentation or protest for nonpayment of the note. It alleged that the note was given for the accommodation of Cavendy, without any consideration, and denied any knowledge, or information sufficient to form a belief, as to whether the plaintiffs took the note relying upon the defendant's indorsement. It alleged further that the note was given to enable Cavendy to carry out a contract between himself and the Koal-Spar

Company, and for no other purpose, and that it was so delivered. Upon the trial the plaintiffs proved the making of the note, and its indorsement by the defendant, and that it was delivered to the plaintiffs, before it was due, by one Tarbel. The note was presented for payment and protested, but it was conceded that notice of protest was never given to the defendant. The testimony of Tarbel was then offered, by which the plaintiffs proposed to show that on the day on which the note was indorsed, and before it was signed or indorsed, Tarbel, who was the president and owner of the Koal-Spar Company, had a conversation with Kay to the effect that Kay wanted him to accept the note as the payment of the purchase price of a quantity of koal-spar, and that, if Tarbel would accept it, Kay would indorse it, and would treat it as his own paper, and would see that it was paid at maturity, and that he did consider it as his own obligation, and that Tarbel was taking payment in this form as a matter of accommodation to Kay, so that, while Kay was in fact the principal, it might not so appear on the face of it. This evidence, before it was given, was objected to by the defendant as immaterial, irrelevant, incompetent, and inadmissible under the pleadings. The objection was overruled, and the testimony was received under the defendant's exception. After it had been read under objection, the defendant moved to strike out so much of it as tended to show an agreement on the part of Kay to be bound absolutely by the indorsement, because it was not competent by parol evidence to vary the contract of indorsement. The motion was denied, and defendant excepted. At the close of the plaintiffs' case, and again at the close of the testimony, a motion to dismiss the complaint was made by the defendant upon the ground, among others, that the defendant had not been properly charged as indorser of the note, for the reason that the plaintiffs have failed to show that notice of the protest of the note was served upon him. This motion was denied. The defendant contradicted the testimony of Tarbel, and gave evidence tending to show that all that was said by Tarbel as to the conversation in Boston was not true. Upon this contradictory testimony, the case was sent to the jury, to determine whether Kay was in fact practically the maker of the paper, and had in fact made the agreement testified to by Tarbel,—to treat it as his own paper, and see that it was paid at maturity; the jury being instructed that if such conversation was had, and the note was taken by Tarbel upon the faith of that agreement, it was a waiver by Kay of the right to have a notice of protest, and he was chargeable as indorser, although no notice of protest had been served upon him. To these instructions of the court the defendant excepted. The jury found a verdict for the plaintiffs, and, the motion for a new trial having been denied, judgment was entered upon the verdict, and this appeal is taken from that judgment and from the order denying a new trial.

The question presented is simply whether, upon the whole case, the plaintiffs, having admitted that notice of protest was not given to Kay, so as to charge him upon this note, were in a situation to prove acts of Kay which operated as a waiver of that notice, and, if they were, was the evidence sufficient to establish such a waiver? Kay was liable upon this note only as indorser. Spies v. Gilmore, 1 N. Y.

321; Bacon v. Burnham, 37 N. Y. 614. As such, his liability depended upon the same conditions as that of any other indorser, and it was necessary that the same proceedings should be taken to charge him. While there can be no doubt that an indorser may waive his right to have the note presented for payment, and to be notified of the protest of it, so that he will be liable without the taking of such steps, yet, if it is sought to charge him because of such waiver, it is necessary that the facts constituting the waiver should be set out in the complaint; and those facts cannot be proved under allegations alleging presentment of the note, and protest, and that notice of those acts was given to the indorser. Clift v. Rodger, 25 Hun, 39; Alleman v. Bowen, 61 Hun, 30, 15 N. Y. Supp. 318. The complaint in this action alleged presentment of the note, and protest, and the giving of due notice to the indorser, and evidently the pleader relied upon those facts to establish the liability of the defendant. It contained, in addition, as has been stated, an allegation that the indorsement was made with intent to give credit to the maker of the note, and the note was taken upon the faith of the indorsement. These facts, however, are not sufficient to establish a waiver by the defendant of notice of protest to which he would otherwise be entitled. The presumption always is that the indorsement of a note is made with the intent to give credit to the maker, and that the note was delivered and accepted upon the faith of it. It is that presumption which affords the consideration to sustain the liability of the indorser, and an allegation in the complaint of the presumption which the law raises from the indorsement does not add to the indorser's liability, nor does it afford a basis for the making of proof of a waiver of the steps necessary to charge him, which is not otherwise alleged in the complaint. These facts having been alleged in the complaint, however, it might not have been improper to prove them as the plaintiffs sought to do; but, while evidence for that purpose may have been admissible, it was not admissible for any other purpose than to prove the fact alleged in the complaint, and that fact was not sufficient to obviate the necessity of proof that the usual steps were taken to charge the indorser. The plaintiffs cite cases in which such proof seems to have been given under an allegation of protest and notice to the indorser. These cases have been examined, and it is quite plain that in none of them was the question of pleading considered. The sole question examined in each one of them was whether the facts established were sufficient to warrant a finding that the indorser had waived the taking of the usual steps to charge him as such, and the question whether his pleading warranted a proof of the facts does not seem to have been considered in either of the cases. The plaintiffs in this case, therefore, were not in a position to prove that the indorser had been charged in any other way than the usual mode of giving him notice of the protest of the note; and they were not at liberty, under their pleading, to show a waiver of that right. The objection, therefore, of the defendant to the evidence of Tarbel, as inadmissible under the pleadings, so far as it was offered to prove a waiver of the notice of protest, was well taken, and the evidence should not have been received for that purpose.

But, even had the facts necessary to warrant the admission of that evidence been alleged, the evidence was not sufficient to warrant a finding that the defendant had done anything which would entitle the plaintiffs to charge him upon this indorsement, without the usual steps. The facts proposed to be proved were that, if Tarbel would accept the paper, Kay would treat it as his own paper, and would see that it was paid at maturity, and that he considered it as his own obligation, so that, while he was in fact a principal, it might not so appear upon the facts of the paper. In our judgment, these facts were not admissible to show a waiver. The alleged statement was made before the contract of indorsement was executed. The nature and extent of that contract are implied by law from the fact that the name of the indorser is written across the back of the note. When the indorsement is signed, the contract arises from it, and its terms are as well settled as though they had been written out above the name of the indorser. It is a contract in writing, and all prior negotiations in regard to the paper are just as much merged in the contract made by the indorsement as they would have been had the terms of the indorsement been written out above the signature of the indorser. Parol evidence of what was said before the indorsement by way of establishing the nature of the contract is just as much inadmissible in regard to this contract as in regard to any other contract in writing, and the nature and extent of it cannot be varied by any prior conversation between the parties. Bank v. Smith, 27 Barb. 489; 4 Enc. Law (2d Ed.) 458.

The judgment and order must therefore be reversed, and a new trial granted, with costs to the defendant to abide the result of the action. All concur.