(29 Misc. Rep. 602.)

TWELFTH WARD BANK v. ROGERS.

(City Court of New York, General Term. November, 1899.)

1. BILLS AND NOTES—DELIVERY—INDORSER'S LIABILITY.
   Defendant indorsed three notes for the accommodation of the maker, under an arrangement that he should be liable only on one of them, which was subsequently paid. The note of which the note sued on was a renewal, after indorsement to plaintiff, was not paid, and defendant indorsed

the new note under an alleged agreement with the indorsee that he was not to be liable thereon. *Held* that, if such agreement was made, there was no sufficient delivery of the latter note as to render defendant liable thereon as indorser, and hence he was entitled to have such question submitted to the jury.

2. SAME—ACCOMMODATION INDORSEMENT—CONSIDERATION.

Where an indorser of a note sued on alleged that his indorsement was made after an agreement with the holder that he should not be liable thereon, he was entitled to show that such indorsement was without consideration.

Appeal from trial term.

Action by Twelfth Ward Bank against James Rogers and another. From a judgment for plaintiff, defendant Rogers appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Earley & Prendergast, for appellant.

Dayton & Swift, for respondent.

CONLAN, J. This is an appeal made by the defendant from a judgment entered upon a verdict directed by the court and from an order denying a motion for a new trial. This action was brought to recover against the defendant James Rogers and one Colin H. Woodward upon a certain promissory note made by the defendant Woodward to the order of the defendant Rogers, and thereafter indorsed by Rogers and delivered to the plaintiff. Rogers, after denying the indorsement and delivery of the note for value, alleged that the same was not delivered to the plaintiff for value, and that he did not receive any value from the plaintiff, or from any one else, for indorsing said note, and that the same was indorsed solely for the accommodation and at the request of the plaintiff; that the note in suit was a renewal of a note heretofore given at the request of the plaintiff to take the place of a note executed for no consideration, and at the special request of the plaintiff, under an agreement that the defendant should not be held liable thereon. The defendant Rogers alone answers.

It appeared that prior to October, 1895, the defendant Rogers, with one Campbell and one Abram Steers, had been jointly interested in a building transaction. The buildings were owned by the defendant Woodward, and $5,000 was required to complete them. It was agreed that Woodward should issue his notes for the $5,000, —three notes, each for one-third thereof. The notes were to be discounted on each of the three parties, Rogers, Campbell, and Steers, each to be liable for one of the notes, but, for convenience, all were to indorse each of the notes. The evidence shows that Rogers and Campbell each paid his note, and that Steers did not pay. The Steers note was renewed several times, until Rogers objected to carrying the note any longer; and then, it is claimed, by an agreement made between Steers, the person who had not paid, Rogers, the defendant, and Edward P. Steers, the president of the plaintiff (and who is a brother of Abram Steers), which held the protested note, that, if Rogers would indorse a new note to the bank, he should be held harmless thereon by the bank, and upon this

understanding and agreement alone, as it is claimed, the note in suit was made and delivered.

Upon the trial, defendant asked leave to go to the jury upon the question as to whether or not such an agreement as is here alleged was made in reference to the last renewal, claiming that it was the province of the jury to determine the same, and the court refused the request, and the defendant excepted. It was held in Bank v. Colwell, 57 Hun, 169, 10 N. Y. Supp. 864, that the agreement testified to by the defendant, if made, was a defense to the note. The question, therefore, whether or not it was made, was one for the jury to determine; and this authority was cited with approval in the case of Higgins v. Ridgway, 90 Hun, 400, 35 N. Y. Supp. 945, where the court said: "There is no distinction, in principle, between the case cited and the one at bar."

This note was never delivered by the defendant, nor received by the bank, for the purpose of charging the defendant with liability thereupon, and it was entirely competent to show that the defendant received no benefit therefrom. The authorities cited by the counsel for the respondent are not to the precise point made in behalf of the appellant. The question was (and, indeed, it is the only question which we need discuss or consider here), "had the defendant the right to go to the jury on the evidence adduced as to whether or not the agreement for the making and delivery of the note was as claimed by the plaintiff?" The court below could not determine it, and the direction for a verdict was such a disregard of the clear rights of the defendant in the premises as to call for the interference of a court upon appeal. Having reached the conclusion, therefore, that there must be a reversal of the judgment and order appealed from, we do not review any of the questions presented by the record.

Judgment and order appealed from reversed, and a new trial granted, with costs to the appellant to abide the event.

FITZSIMONS, C. J., concurs.