HODGENS v. JENNINGS.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

1. COURTS (§ 99*)—PRECEDENTS—PREVIOUS RULING IN SAME CASE—LAW OF THE CASE.

The law laid down upon decision of a motion for judgment upon the original answer is the law of the case upon a subsequent hearing on a motion for a judgment upon an amended answer.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

2. BILLS AND NOTES (§ 373*)—BONA FIDE PURCHASER—DEFENSES—MISREPRESENTATIONS—KNOWLEDGE.

In an action against an indorsee of a note, indorsed to the plaintiff for value before maturity, it was no defense that the plaintiff by false representations induced the defendant to purchase the property for which the note was transferred, unless such representations were false to the knowledge of the plaintiff when made.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 966–970; Dec. Dig. § 373.*]

3. FRAUD (§ 13*)—SCIENTER.

Scienter is one of the necessary elements of fraud.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 13.*]

---

4. BILLS AND NOTES (§ 139*)—DISCHARGE OF INDORSER—EXTENSION—CONSIDERATION.

Extension of the time of payment is no defense to an action against an indorsee of a note, unless the extension is supported by a consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 340-354; Dec. Dig. § 139.*]

5. PLEADING (§ 8*)—PROMISSORY NOTE—DEFENSES—CONCLUSION.

An answer which pleads mere conclusions of law in an action on a note presents no defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12-28½; Dec. Dig. § 8.*]

6. EVIDENCE (§ 423*)—PAROL EVIDENCE—LIABILITY OF INDORSER—ADMISSIBILITY.

It is not permissible to prove a parol agreement that indorsers shall be liable on a promissory note as guarantors only.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1962; Dec. Dig. § 423.*]

7. BILLS AND NOTES (§ 460*)—ACTIONS—PARTIES—INDORSEES WHO INDORSED.

Since, under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 118, joint indorsees are deemed to act jointly and severally, an action on a note which had been indorsed to plaintiff by several indorsees could be properly brought against one of them.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1440; Dec. Dig. § 460.*]

Appeal from Special Term, New York County.

Action by Thomas M. Hodgens against Herbert T. Jennings. From an order denying motion for judgment on pleadings, plaintiff appeals. Reversed, and motion granted, with leave to amend:

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, McLAUGHLIN, and DOWLING, JJ.

John N. Blair, for appellant.
Henry C. Henderson, for respondent.

DOWLING, J. The plaintiff appeals from an order denying his motion for judgment upon the pleadings. The complaint sets forth the making of a promissory note in writing by the Manhattan Securities Company, a corporation, to the order of the defendant and three others; its indorsement by defendant and the other payees, and its delivery, so indorsed, before maturity, to plaintiff for value; its presentation, demand for payment, and refusal thereof; its protest for nonpayment; and that no part thereof has been paid. The amended answer undertakes to set up certain separate defenses, upon the invalidity and insufficiency of which the motion was based.

We find that all these defenses are insufficient in law, and the motion should therefore have been granted. At the outset it may be noted that the amended answer sets up no adequate denial of the allegations of the complaint, and such claimed denials as it sets up are embraced in the fourth defense alone, and their phraseology is such that they are not denials of any allegation contained in the complaint, but simply denials of assumed facts nowhere claimed by plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff, and forming no part of his cause of action. There is no general or specific denial of the facts actually set forth in the complaint.

[1] The first defense, as stated in paragraphs 1 to 6, inclusive, of the answer (though not separately numbered), is insufficient, because, under the law of this case as laid down upon the decision of the motion for judgment on the original answer:

"The indorsement by the defendant of the note constitutes a written contract of warranty that on due presentment the note shall be paid, and that if it be dishonored he will pay the amount thereof to the holder. * * * In any event the defense would have no validity, for the written contract of indorsement cannot be varied by any implied agreement not in writing."

See, also, Bird v. Kay, 40 App. Div. 537, 58 N. Y. Supp. 170.

[2, 3] The second subdivision of the first defense is also insufficient in law, for the reason that, while it undertakes to set up false representations made by plaintiff to induce defendant to purchase the receiver's certificates for which the note in suit was given, there is no allegation that these representations were false to the knowledge of plaintiff when made, and scienter is one of the necessary elements of fraud. Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651.

[4] The second defense set up is insufficient in law, because there is no allegation that there was any valid agreement, supported by consideration, for the extension of the time of payment of the note. National Citizens' Bank v. Toplitz, 178 N. Y. 464, 71 N. E. 1.

[5] The third defense is insufficient in law, because it contains nothing save conclusions of law, without any allegations or denials constituting a defense.

[6, 7] The fourth defense is insufficient in law, because, under the law of the case as heretofore declared, the parol agreement whereby it is claimed the indorsers became liable as guarantors only cannot be proved, and, further, because under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 118, joint indorsees who indorse are deemed to do so jointly and severally, wherefore an action lies against any one of them individually.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion for judgment granted, with $10 costs, but with leave to defendant to serve an amended answer within 20 days upon payment of the costs; entry of judgment in the meantime to be suspended. All concur.