MORRIS S. MECHANIC, Respondent, *v.* ELGIE IRON WORKS, INC., Defendant, and LOUIS GOLDBAUM, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Negotiable instruments — bills, notes and checks — action upon note — evidence — notice of dishonor — actions — corporations — who are joint makers — Negotiable Instruments Law, §§ 113, 183.

Where in an action upon a note after protest the notary testified that he mailed a notice of dishonor, the contents of which were not in the record, to the indorser at a certain address, that he did not know whether he looked in a city or telephone directory for the indorser's address, and the indorser testifies that he never lived, did business or received mail at said address, plaintiff cannot avail himself of the provisions of section 183 of the Negotiable Instruments Law that "Notice of dishonor is dispensed with when, after the exercise of reasonable diligence, it cannot be given to or does not reach the parties sought to be charged."

> Under section 113 of the Negotiable Instruments Law the name of the president of a corporation written by him on the back of a note made by the corporation, without the addition of any qualifying language, makes him an indorser, and in an action on the note parol evidence is inadmissible to show that he intended to be bound as maker.
>
> An officer of a corporation by his indorsement of a note made by it does not become a joint maker.

APPEAL by defendant Louis Goldbaum from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of the plaintiff for $312.88, after trial without a jury.

Leah H. Neuer, for appellant.

Whiteside & Stryker (William S. Shaterian, of counsel), for respondent.

MULLAN, J.   The defendant corporation, through its president, the defendant Goldbaum, executed a demand note to the plaintiff payee.   Prior to delivery Goldbaum, individually, and thereafter one Spevack, his attorney, irregularly indorsed the note, and plaintiff paid full value therefor.   The note was made payable at room 912, 309 Broadway, which at that time was Spevack's office.   The corporation and Spevack defaulted, but Goldbaum filed and served the affidavit prescribed in section 923 of the Code of Civil Procedure.   The notarial certificate being thus excluded, the notary was called to testify to presentation and mailing of notice of dishonor.   The proof of presentation was at least questionable but the proof of the giving of notice of dishonor was clearly insufficient.   The notary testified that he mailed a notice, the contents of which are not in the record, to Goldbaum at 309 Broadway. He did not even know whether he looked for Gold-

Supreme Court, Appellate Term, February, 1917.    [Vol. 98.

baum's address in a city or telephone directory. Goldbaum testified that he never lived, did business, or received his mail at 309 Broadway; that at the time the note was dishonored he lived in Brooklyn; and that the corporation never did business, had an office, or received its mail, at 309 Broadway. Considering Goldbaum as an indorser, it is clear that the proofs do not entitle plaintiff to avail of section 183 of the Negotiable Instruments Law, providing that: " Notice of dishonor is dispensed with when, after the exercise of reasonable diligence, it cannot be given to or does not reach the parties sought to be charged." Nor can he claim that notice of dishonor has been dispensed with under subdivision 3 of section 186 of the statute, providing that the notice is not required where the instrument was made for the indorser's accommodation, as there is no proof that the note was in fact made for Goldbaum's accommodation. There can be no question that Goldbaum, by writing his mere name upon the back of the note, without the addition of any qualifying language, became an indorser (Negotiable Instruments Law, § 113), but the plaintiff, presumably from a realization of the weakness of his case against Goldbaum as an indorser, seeks to hold him as a maker. Upon the trial parol evidence was introduced for the purpose of showing that Goldbaum intended to be bound as a maker, and although this would properly have been excluded upon objection (*Bird* v. *Kay,* 40 App. Div. 533) its competency was not challenged. It failed of its purpose, however, and did not show anything from which may be drawn the inference of an engagement on Goldbaum's part to become liable otherwise than as an ordinary indorser in the usual course. Plaintiff's counsel makes the further contention that an officer of a corporation, who indorses the corporation note,

becomes thereby a joint maker, and cites *Mercantile Bank* v. *Busby,* 120 Tenn. 652, and *Luckenbach* v. *McDonald,* 164 Fed. Repr. (Penn.) 296. As we read the opinions in those cases, the decisions there rested upon evidence showing the entire transactions out of which the notes there in question grew, and in both the indorsing officers were held not to be entitled to notice of dishonor, not because of the fact that they were officers or stockholders of the company maker, but because the evidence showed that the notes were made for their benefit and accommodation. If, however, the opinions can be said to sustain the contention of the plaintiff's counsel here, our answer must be that such is not the law of this state. *Bird* v. *Kay, supra;* Crawford Neg. Inst. Law (4th ed.) 123.

Judgment reversed, with thirty dollars costs, and complaint dismissed upon the merits, with costs.

GUY and BIJUR, JJ., concur.

Judgment reversed, with costs.