THE WHITESTOWN NATIONAL BANK OF WHITESBORO, N. Y., Respondent, *v.* J. FRANK LEWIS, Appellant.

Fourth Department, May 16, 1923.

Bills and notes — action against maker of promissory note — defense that by agreement defendant was not to be personally liable — verdict for defendant was erroneously set aside.

In an action against the maker of a promissory note in which the defense interposed was that the note was given for accommodation and upon a special agreement that defendant should not be personally liable thereon, the trial court committed error in setting aside the verdict in favor of the defendant on the ground that the question submitted to the jury was whether there was an agreement contemporaneous with the delivery of the original note that in case the note were not paid the plaintiff would first realize upon the security, for that question was not presented to the jury.

APPEAL by the defendant, J. Frank Lewis, from an order of the County Court of the county of Oneida, entered in the office of the clerk of said county on the 7th day of March, 1922, granting plaintiff's motion to set aside the verdict of a jury in favor of the defendant and for a new trial made upon the minutes

*Adrian S. Malsan,* for the appellant.

*Willis & Guile* [*W. W. Guile* of counsel], for the respondent.

CROUCH, J.:

Plaintiff sues defendant on a note for $1,290 payable to the order of plaintiff three months after date. The substance of the defense set up in the answer is that the note was given for accommodation and upon a special agreement that defendant should not be personally liable thereon.

The case was submitted to the jury, defendant had a verdict and the trial court set the same aside and granted a new trial.

In the opinion the trial court, relying upon recollection only, says that the question submitted to the jury was whether there was an agreement contemporaneous with the delivery of the original note that in case the note were not paid the plaintiff bank

would first realize upon the security. Finding the submission of that question erroneous, a new trial was granted.

We think the recollection of the trial court was at fault. It is clear that the question submitted by the charge was whether at the time the original note was made and delivered there was a special agreement between plaintiff and defendant that the latter should not be personally liable thereon. There could have been no misapprehension on that point by the jury and certainly there was none by counsel for plaintiff, who took specific exception to that phase of the charge. Whatever was said during the course of the trial relating to an agreement, in the event of non-payment, to sell the collateral and pay the note out of the proceeds was only a variation of the form of agreement relied upon as a defense. It did not concede or tend to indicate a personal liability in the event of deficiency, so as to bring the case within the rule in *Washington Savings Bank* v. *Ferguson* (43 App. Div. 74).

There was a plain question of fact on competent evidence (*Higgins* v. *Ridgway*, 153 N. Y. 130; *Smith* v. *Dotterweich*, 200 id. 299; *Savage Realty Co., Inc.,* v. *Lust*, 203 App. Div. 57), and the case was properly submitted.

The order should be reversed, with costs, the verdict reinstated and the motion denied.

All concur.

Order reversed on the law, motion denied and verdict reinstated, with costs.