THE GIRARD NATIONAL BANK, Plaintiff, *v.* BENJAMIN JAY BRODY, Defendant.

Supreme Court, New York Special Term, March, 1924.

Bills and notes — action by bank against accommodation indorser of note — evidence as to oral agreement by plaintiff not to hold defendant liable is not admissible.

In an action by a bank against an accommodation indorser of a negotiable promissory note wherein there is no indication that the defendant was induced by fraud to sign the note and the obligation assumed by the defendant is supported by the consideration to the party accommodated, evidence as to an alleged oral agreement by the plaintiff not to hold the defendant liable is inadmissible.

MOTION for summary judgment.

*Hardy, Stancliffe & Whitaker (John L. Farrell,* of counsel), for plaintiff.

*Stone & Glaser,* for defendant.

GAVEGAN, J. A question of interest and importance to bankers and business men arises on this application. Plaintiff bank moves for summary judgment against an accommodation indorser of a negotiable promissory note. He is the sole defendant, recourse having been previously had against other parties and plaintiff having received part payment. His defense is that when he indorsed it he informed plaintiff that there was to be no consideration for his signature " and that he was an accommodation endorser." " That thereupon said plaintiff requested the defendant to sign the said note for the purpose of putting the same in bankable form and it was agreed between the plaintiff and defendant that the defendant would assume no responsibility and that no responsibility would attach to him and that the defendant would not be held personally liable for said endorsement."

This note was made at Philadelphia by one corporation to another, one a subsidiary of the other. The instrument was inspired by a desire to have it given and it was given in renewal of seven other notes, all indorsed by defendant, one of the companies being the primary debtor and having obtained loans represented by the prior notes. According to a bill of particulars which he was required to serve, the arrangement for immunity from liability as an indorser was verbally agreed to between defendant and plaintiff's vice-president. Defendant was employed by and became president, but only nominally as he says, of one of the corporate parties to the instrument. The prior notes had not been paid and had been protested for non-payment. After this one had been indorsed by the payee, one of said corporations, and by other persons, including defendant, it was delivered to plaintiff, apparently at Philadelphia.

It was not a mere escrow. It was not delivered on an understanding that it was to be without effect until the happening of a condition precedent. Defendant would establish not a conditional delivery but a negation of the obligation implied by the indorsement.

There is no indication that he was induced by fraud to sign the instrument.

Several cases in this state, especially in the fourth department, might be taken to indicate that such a defense may be proved. There are, among others: *Whitestown National Bank* v. *Lewis*, 205 App. Div. 553; *Bank of LeRoy* v. *Purdy*, 100 id. 64; *Persons* v. *Hawkins*, 41 id. 171, and *Twelfth Ward Bank* v. *Rogers*, 29 Misc. Rep. 602. In many of the cases referred to as supporting such a proposition of law, thus advanced by defendant, no such decision was made. In others it was held that the instrument was not delivered for a consideration (*Higgins* v. *Ridgway*, 153 N. Y. 130, as explained in *Grannis* v. *Stevens*, 216 id. 583, 589) or was not delivered at all because of the failure of a condition precedent. In still others reference is had to the purchase or discount of negotiable paper previously existing; but these are without bearing here. We are not concerned with a binding promise not to sue given by a person purchasing a negotiable instrument or holding one previously made and delivered. A promise supported by adequate consideration that there shall be no claim made, against one who has already assumed the obligation of an indorser, is not at all what we are considering.

To cases not in point those cited for defendant ultimately go back for their authority. But they lead to no authority for any such rule as they are asserted to support. We have leading cases in our Court of Appeals which to my mind leave no opening for

holding that this accommodation indorser may be allowed to show that simultaneously with making his indorsement he had plaintiff's verbal agreement not to hold him on it. See *Jamestown Business College Assn.* v. *Allen,* 172 N. Y. 291, and *Grannis* v. *Stevens,* 216 id. 583.

In Pennsylvania we can refer to *First National Bank of Greencastle* v. *Baer,* 277 Penn. St. 184. In that case it is pointed out that a defense such as this could not be proved. The Supreme Court of Pennsylvania there took occasion to state that certain cases, in that jurisdiction, mean nothing more than that an accommodation indorser can show that a plaintiff suing him on the instrument is the primary debtor, the person who was accommodated. Another case in that court which shows that in Pennsylvania a contemporaneous verbal agreement may not be proved to destroy the obligation implied from an indorsement is *Second National Bank of Reading* v. *Yeager,* 268 Penn. St. 167. It was held that an affidavit of defense was insufficient which set up such an oral agreement. It was pointed out that in Pennsylvania it may be shown that there was an oral, contemporaneous agreement providing for the exhaustion of a certain source of payment before having recourse on the instrument, and a number of cases to that effect were cited. But it was held that said affidavit was insufficient because it did not indicate that the primary funds existed, or that the person concerned " had control of the means whereby the funds might be raised; " that " Under the affidavit, defendant was not to be bound, under any circumstances, for payment of the note, * * *; " that the agreement does more than vary the written instrument; it destroys it, and that " The affidavit is not sufficient to bar the summary judgment." See, also, *Clarke* v. *Allen,* 132 Penn. St. 40.

In *Blair* v. *McQuary,* 189 Pac. Rep. 948, the Supreme Court of Kansas said, in 1920: " Centuries of experimenting with human frailty have caused the law merchant to decree that the execution or indorsement of a promissory note shall bear facial assurance that it means what it says, and that its effect is not to be overturned or subverted by proof of prior or contemporaneous verbal declarations. Otherwise, business could hardly be carried on. A note, like any other written contract, bars consideration of all mere talk which marked or led up to the signing, and yet this seems to be one of the hardest lessons to learn which the law presents to those who assume to have ability to transact business."

On the other hand, in 3 Ruling Case Law (976, § 185) it is said that " the contract of a blank indorsement is not expressed in writing, but rests in legal implication, and this *prima facie* presump-

tion of law may be overthrown, as between the original parties to such an indorsement, by the admission of competent parol evidence establishing the real terms of the agreement," and that " as against all except *bona fide* holders for value, the true terms of the contract may be shown by evidence resting in parol."

But it is not the law of this state that the legal effect of a written instrument, left to implication of law and not expressed, can " be contradicted, explained or controlled by parol or extrinsic evidence " any more " than if such effect had been expressed." Headnote in *Pattison* v. *Hull,* 9 Cow. 747. In *Bank of Albion* v. *Smith,* 27 Barb. 489, it is said (at p. 491): "An indorsement in blank imports, in law, a precise and definite undertaking * * * It is, in legal effect, a promise in writing. Our courts in this state have uniformly held that the legal import of a written undertaking was a part of the contract, and could no more be varied, or contradicted, by parol, than it could, had such legal import been clearly and fully expressed in the instrument. * * * The rule has been applied to promissory notes, indorsements * * *," citing cases. " The principle is that all previous and contemporaneous negotiations and undertakings are merged in the writing *and its legal import.*" Italics mine. And at page 492: " The case of *Brent's Ex'rs* v. *The Bank of the Metropolis* (1 Peters, 89), relied upon by the plaintiff's counsel, so far as it holds that the legal import of an indorsement may be contradicted or varied by parol, is certainly not law in this state, * * *." *Bank of Albion* v. *Smith, supra,* has been cited for that proposition in the first department in *Bird* v. *Kay,* 40 App. Div. 533, 538.

Referring again to what is quoted above from Ruling Case Law it might be repeated that cases where there was no consideration at all have no weight for defendant. Where, between the original parties, on account of lack of consideration there is no binding obligation, there is no contract to be contradicted or explained between them. This view can be taken where the indorsement indicates a mere transfer of title from an agent or other fiduciary to a principal or beneficiary, or where the purpose is to create an agency for collection. It would not aid defendant to refer to cases of that character between the original parties or to others where parol evidence is admissible to explain an ambiguity resulting from irregular indorsement or from the position of a name on the paper. Nor can he rely on cases where parol evidence was admitted to avoid useless circuity of action by showing the real relationship between the parties, regardless of how or where they signed, nor on those like *Babcock* v. *Beman,* 11 N. Y. 200, which merely involve a finding that a bank or other corporation was intended to be

described by the name of its officer followed by his official title. Moreover, in those cases and others of similar character it can be said the description or title added to the name was found to establish ambiguity. Where such a finding has been the reason for admitting parol evidence it has been justified by the knowledge of the other party or parties to the contract. But we are not discussing a case where parol evidence might be admissible on such grounds. It is admissible to explain an ambiguity but not to destroy the plain meaning of a writing which imports a definite and well-defined contractual obligation.

The obligation assumed by an accommodation indorser is supported by the consideration to the party accommodated. 1 Daniel Neg. Inst. (6th ed.) 262, § 189. Obviously that is the situation. See *Marling* v. *Jones*, 138 Wis. 82. We are not dealing with a case where there is no contractual force to the promise by reason of lack of consideration.

In *Komp* v. *Raymond*, 175 N. Y. 102, the application of the parol evidence rule is discussed, the elements of a contract are enumerated, and it is pointed out that the rule does not apply where, because of the absence of essential elements, there is no contractual relationship. Thus it is explained why " a receipt, being an informal and non-depositive writing, may be modified, explained or contradicted by parol, * * *." Id. 109. This explains as well the cases, almost endless in number and variety, where an oral contradiction of an obligation apparently assumed was properly permitted for the reason that absence of consideration resulted in there being no contract at all.

Title to this note was never in defendant. He had no title to pass. The indorsement by him though supported by consideration meant nothing if it did not mean that he added the backing of his responsibility to the worth of the instrument. To show by a contemporaneous verbal agreement that his indorsement did not have such meaning is not permissible.

A comprehensive note on this general topic will be found in 4 American Law Reports, 744, following reports of conflicting decisions beginning with *Schine* v. *Johnson*, 92 Conn. 590. That was a case in the Connecticut Supreme Court of Errors, decided in 1918. The following is taken from the opinion: " Here, however, the alleged condition is that the contract of indorsement, though absolute in form, was never to become operative at all; and so it is evident that the defendants are seeking to attach a condition to the contract itself which is not therein expressed, and are not seeking to attach the condition to the delivery of the contract." " Their real defense is that they never contracted as written, and that

the indorsements, although absolute in form, were intended by both parties to be indorsements without recourse. Assuming that to be so, it is too well settled for discussion that the contract which the law implies from an unconditional indorsement cannot be varied or contradicted by parol evidence, in defense of an action on the note."

At page 746 the annotator says this Connecticut case "is in accord with the great weight of authority," as shown in the note which begins at page 764. See, also, *Hodgens* v. *Jennings*, 148 App. Div. 879, and what is said on page 538 of the report of *Bird* v. *Kay*, 40 App. Div. 533.

The statements made in the memorandum in *Whitestown National Bank* v. *Lewis, supra,* are of little value now because of the fragmentary character of the report. However we may view them, our court of last resort has, in cases cited above, indicated that it is not the policy of the law in this state to allow a writing which has a statutory contractual import, resting on adequate consideration, to be shown, by a contemporaneous verbal agreement to have no such effect. The dissenting opinion in *Jamestown Business College Assn.* v. *Allen,* 172 N. Y. 291, contains a number of citations and quotations which could be, and to some extent have been, relied on to support the argument for defendant against this application for summary judgment. But that his position, even so buttressed, cannot be upheld follows from the decision made in that case by the Court of Appeals.

The motion will be granted. Allowance must be made for what has been received from the estate of the maker. Settle order on notice.

Ordered accordingly.