LIBERTY BANK OF BUFFALO, Plaintiff, *v.* BERTHA D. SUPPLEE and Another, Defendants.

Supreme Court, Erie County, February 25, 1932.

*Bagley, Wechter, McCormick & Irwin* [*Glenn A. Irwin* of counsel], for the plaintiff.

*Edwin J. Culligan*, for the defendant Clark W. Hurd.

CHARLES B. WHEELER, Official Referee. This action is to recover a balance of $696.40, with interest, alleged to be due and owing on

a certain promissory note for $2,000 bearing date December 14, 1925, made by the defendant Bertha D. Supplee to the order of the plaintiff, and indorsed by the defendant Clark W. Hurd. The note was made payable on demand with interest and discounted by the bank for the benefit of the defendant Supplee. Mr. Hurd was an accommodation indorser, and alone appears and defends this action. He alleges in his answer that he was an accommodation indorser and that the plaintiff agreed that he would not be called on to pay said note. Hurd's counsel on the trial of this action offered to prove this allegation, but the referee refused to receive evidence to that effect on the objection of plaintiff's counsel.

In this ruling the referee believes he was correct and sustained by the decisions of *Girard National Bank* v. *Brody* (122 Misc. 790) and *Jamestown Business College* v. *Allen* (172 N. Y. 291).

The defendant Hurd interposed the further defense that the note was not presented for payment within a reasonable time and by reason thereof he is discharged from liability as an indorser.

As matter of fact, the evidence shows the note in question was presented for payment and protested for non-payment on the 25th of June, 1930, some four and a half years after its date.

On the note are various indorsements of payments made by the maker from time to time, mostly in the sum of $50 each, until on November 7, 1928, the note had been paid down to the sum of $695.

The plaintiff offered in evidence certain letters written by it to the defendant Hurd. On December 6, 1927, the bank wrote to Hurd informing him it had been unable to have Mrs. Supplee reduce her obligation and asking Hurd to make arrangement for the liquidation of the loan. On July 12, 1929, the bank wrote again saying it had exhausted every possible means of protecting him on the obligation of Mrs. Supplee, and asking for a check within the next few days to close the transaction. On August seventh the bank again wrote saying it would expect liquidation from Hurd and asking for a check for $831.24. On October 10, 1929, it sent another letter to Hurd saying it had made demand on the maker and done all things suggested by Mr. Hurd and was unable to obtain action and looked to Hurd as indorser and demanded payment of the note. It further appears that on or about August 14, 1928, the bank placed the note for collection in the hands of its attorneys, and the attorneys wrote Hurd demanding payment. Mr. Hurd admitted that he had a talk with the attorneys, and that on September seventh the attorneys wrote Hurd saying in substance that in accordance with their understanding they would not press suit against Hurd so long as Mrs. Supplee, the maker of the note,

continued to pay fifty dollars per month on the note. There was oral evidence given by the officer of the plaintiff that he had talks over the phone with the defendant Hurd urging payment and that in such talks Hurd urged the bank to get payment out of the maker of the note.

The stenographer who took the testimony given on the trial died within a few days after the hearing before the referee, but the referee can recall no testimony given on the hearing to the effect that the defendant Hurd ever acknowledged liability as indorser on the note, or any promise on his part to pay the note in case of the bank's inability to collect from the maker, nor any waiver on the indorser's part of presentation of the note for payment. At most all that can be claimed for the evidence given is the defendant Hurd's request of the bank that it collect from the maker rather than from him.

The referee is unable to see that anything that was said or done relieved the bank of the obligation imposed by section 131 of the Negotiable Instruments Law requiring in cases of notes " *payable on demand, presentment must be made within a reasonable time after its issue, * * *.* "

The question, therefore, presented in this case is whether the note in question was presented within " *a reasonable time.*" No hard and fast rule can be laid down as to what constitutes a reasonable time on demand notes. The cases hold that question is to be determined as a question of law and of fact under the circumstances of each case. (*Commercial National Bank* v. *Zimmerman,* 185 N. Y. 210.)

To postpone the presentation and demand of payment for four and a half years on its very face seems and must be held an unreasonable delay. During such a period the financial ability of the maker to make payment might very materially change to the prejudice of the indorser. For such reasons the statute imposes presentment within a reasonable time.

Where a bank lends money on a demand note with interest it may be fairly inferred that it was the expectation of all parties that immediate payment is not to be enforced. Nevertheless a certain degree of diligence in requiring payment is exacted.

If delay was requested by the indorser and acted on by the holder such facts would have a very material bearing on the question whether presentment was made within a reasonable time. In this case, however, the referee is unable to discover any such request on the part of the indorser. His requests seem to have been confined rather to a request not for delay but that the bank should endeavor to get its money from the maker.

In disposing of the case in hand we think the decision of the Court of Appeals in *Commercial National Bank* v. *Zimmerman* (185 N. Y. 210) must control. There it was held that where it appears from the undisputed facts in an action brought upon a note payable upon demand, with interest, that the indorsement was without consideration and for the maker's accommodation; that its payment was secured by the deposit of certain securities; that notwithstanding that, some two years after the making of the note, the plaintiff had complained to the indorser of its non-payment and twice, a year later, had written that the maker was in default as to the interest, no steps were taken to charge the indorser, by presentment of the note for payment and by protest for non-payment, until more than three and a half years had elapsed, and until after the indorser had died intestate and an administratrix of his estate had been appointed, the question whether the note was presented within a reasonable time is a question of law to be determined upon such facts, and a decision that "said note was not presented within a reasonable time after it was issued and that said plaintiff did not demand the payment thereof, or give notice of the dishonor thereof, within a reasonable time," is correct.

The facts in that case were very much like those in this case.

The referee, therefore, holds the note in question was not presented within a reasonable time after it was issued, and, therefore, the plaintiff's complaint should be dismissed as against the defendant Hurd.

So ordered.