Abraham N. Geller, J.
This is an action upon a promissory note dated July 17, 1960 payable on demand and made by a corporation to one of its officers and indorsed by defendant, another officer, as an accommodation indorser. Defendant testified that in 1962 or early 1963 he “ just stopping coming in ” and left the corporation. Plaintiff testified that on July 11,1963 the note was assigned to him by the payee; that by October, 1963 the corporation was not operating and was insolvent; and that in October, 1963 he had a conversation with defendant, told him he wanted the note paid, and that defendant said he could not pay.
The complaint alleges presentment of the note to the maker and due notice to defendant of presentment and nonpayment, which are denied in defendant’s answer. The only evidence at the trial on the subject has been set forth. It is obvious that plaintiff is relying on a theory of implied waiver and not upon *134 the pleaded allegations. While the facts constituting waiver should have been pleaded (Bird v. Kay, 40 App. Div. 533), defendant did not urge surprise but rather that plaintiff was not entitled to recover on the evidence presented.
Plaintiff’s first contention with respect to waiver is based on section 186 of the Negotiable Instruments Law that notice of dishonor is not required to be given to an indorser “ 2. Where the indorser is the person to whom the instrument is presented for payment ”, That provision, however, is confined to a special situation where an apparent indorser is in fact the principal debtor (see, e.g., Witherow v. Slayback, 158 N. Y. 659).
Plaintiff’s main reliance as to waiver is that it should be implied from the fact that defendant as an officer of the corporate maker knew that it was insolvent and out of business and, therefore, knew that it would have been useless to make presentment to the corporation.
Here, of course, the evidence is that defendant left the corporation while it was still functioning, albeit in greatly reduced circumstances, so that such knowledge on his part cannot be conclusively presumed. Moreover, it has been definitely settled that the facts upon which plaintiff relies do not constitute a waiver of the stautory requirements (Goldstein v. Brastone Corp., 254 App. Div. 288, affd. 279 N. Y. 775).
The mere insolvency óf the maker of an instrument and the knowledge thereof by the indorser furnishes no excuse for failure to present it and give notice of dishonor to the indorser. It was formerly held that, where the indorser, an officer of the corporate maker, by his affirmative act and signed assent caused it to be adjudged a bankrupt prior to maturity of the note, presentment and notice of dishonor were excused (O'Bannon Co. v. Curran, 129 App. Div. 90). It should be noted in this connection that, effective September 27, 1964, subdivision (3) of section 3-511 of the Uniform Commercial Code provides that presentment is excused when the maker is in insolvency proceedings instituted after the issue of the instrument. Here there is merely a claim of insolvency and alleged knowledge thereof by defendant as an officer of the corporate maker.
In Goldstein v. Brastone Corp. (supra, p. 290) the court said: “ The law treats him as it would a stranger ”. Pointing out the need in commercial transactions for uniformity of prescribed rules of liability, the court concluded (p. 291): “ It may seem a drastic rule to require notice of dishonor under such circumstances ; but by long custom and by statute the rules of liability and non-liability have been determined. If exceptions are made *135 to fit particular circumstances, then the purposeful rigidity of the law is frittered away.”
The complaint must accordingly be dismissed. However, the dismissal is without prejudice, in order to permit plaintiff, if so advised, to make due presentment of this demand note, give notice of dishonor and sue thereon within the applicable period of limitation, with all defenses available to defendant, including the defense that presentment was not made within a reasonable time (see Negotiable Instruments Law, § 131; Uniform Commercial Code, § 3-503, subd. [1], par. [e]), a question to be determined by the nature of the instrument, any usage of business and the facts of the particular case.